Acks vs. Ball.

---

### ADAM W. ACKS vs. JOHN BALL.

In actions substantially *ex delicto*, the damages claimed in the declaration, determine the ju- risdiction of the court; and, if the plaintiff recovers any damage, the costs ought not to be adjudged against him.

### ERROR to St. Louis Circuit Court.

Gantt, for plaintiff in error.

1. That each count of the amended declaration in this cause is in force *ex delicto*: 1 Chitty Plead., 166, 167.

2. That by sec. 11, of the act concerning costs, p. 243, Rev. Code of 1845, the recovery of any damages by the plaintiff entitles him to costs if the damages claimed in the declaration showed the court to have jurisdiction of the cause.

3. The damages claimed in this case (two hundred dollars) gave jurisdiction to the circuit court. Revi. Code of 1845, p. 244, 321.

POLK, for defendant.

1. The circuit court was authorized to assess the costs aganst the plaintiff below—the ver. dict being for only $14 00 damages; and the action being "founded on contract." See Code of 1845, p. 243, sec. 12; and session acts of 1846-7, p. 15.

In this case the action was founded on a contract and the plaintiff's claim was not reduced by set off. The provision of the statute above referred to, not only comprehends actions of debt, covenant and assumpset but "all other actions founded on contract"—that is actions on the case founded on contract, also. In other words, it not only covers all actions brought for the breach of contract directly, but also all actions on the case founded on contract. Such actions on the case for breach of duty growing out of a contract.

2. The court below was authorized to render judgment for costs against David Chambers, the surety, as well as against the plaintiff Acks. See code of 1845, p. 244, 321.

BIRCH, J., delivered the opinion of the court.

This was an action of trespass on the case, in which all the counts in the amended declaration substantially recited a contract of renting between the parties, in which the plaintiff was to have two-thirds of the crop of oats that he might raise upon the land which he leased of the defendant, and the defendant was to have one third. The wrong complained of, was that the defendant, forcibly and against the will of the plaintiff, entered upon the premises then leased to and cultivated by the defendant, and took and carried away, and converted to his own use, all the crop thus raised.

The damages claimed by the plaintiff being two hundred dollars, and the damages assessed by the jury being but fourteen dollars, the main question upon which the case comes before the court is, whether the costs should have been adjudged against the defendant, as was done in the original judgment, or against the plaintiff, as was done upon the subsequent motion of defendant's counsel.

Waiving, as being unnecessary in the view we have taken upon the main point, any consideration of the alleged irregularity of changing the judgment as to costs a month or so after it was originally rendered, it will suffice to state, that whether reference be had to the plaintiff's qualified possession of the premises, as charged in the first count of his declaration, or to his right of property in a designated and divisible portion of the crop which he had raised under a contract of lease, as

charged in the other counts, the action to properly redress a wrong of the nature complained of, where price is alleged and damages demanded as in the case before us, is naturally, if not indeed necessarily, of the class denominated *ex delicto*.  The averments respecting the contract were at most not inconsistent with, but explanatory of, the averment of possession or of property in the plaintiff, and should not be held to change the nature or degree of the loss or wrong complained of.

Such being our estimate of the case before us, and it being enacted by the 11th section of the statute concerning costs, that, the "damages claimed in the declaration shall determine the jurisdiction of the court, and if the plaintiff recovered any damages he shall recover his costs," we are of opinion that the circuit court committed error in adjudging the costs in this case against the plaintiff, and that in that respect its judgment should be, as it is, reversed.  The cause will consequently be remanded and proceeded in conformably with the original judgment.