VINEYARD V. LYNCH, *Appellant.*

1.  **Actions Ex Delicto :** JURISDICTION.  In actions *ex delicto* the
    damages claimed in the petition determine the jurisdiction of the
    court, and if the plaintiff recover any damages, he shall recover
    his costs.  R. S., sec. 995.

2.  ———— : ————.  The test of jurisdiction in actions *ex delicto* is the
    aggregate amount of damages prayed for, and not the amount of
    damages prayed for in a single count.  And this is true, whether
    the action be for a wrong in the nature of a tort or otherwise.

3.  ———— : SEVERAL COUNTS : COSTS.  In an action *ex delicto,* where
    the petition contains several counts, if the plaintiff recover any
    damages upon any count, the costs shall not be adjudged against
    him.  R. S., sec. 995.

*Appeal from Jefferson Circuit Court.*—HON. JOHN L.
THOMAS, Judge.

AFFIRMED.

*Williams & Green* for appellant.

(1)  The cause of action alleged in each count of
the petition is for damages, neither having any connection
with or relation to the alleged causes of action stated in
either of the other counts.  The circuit court had no
jurisdiction of any action where the amount claimed did
not exceed fifty dollars, and, therefore, had none of the
second count of plaintiff's petition, which was for dam-
ages for the killing of a sow, alleged to have been of the
value of ten dollars.  R. S., sec. 1102 ; *Smith v. Clark
County,* 54 Mo. 58 ; *Hunt v. Hopkins,* 66 Mo. 98, and
*Fickle v. Ry. Co.*, 54 Mo. 219, are not authorities against
this position.  (2)  The court erred in overruling motion
to re-tax costs.  There were necessarily some costs result-
ing from the first and third counts.

*Thomas & Kleinschmidt* for respondent.

The circuit court had jurisdiction. *Smith v. Clark Co.*, 54 Mo. 58; *Hunt v. Hopkins*, 66 Mo. 98; *Fickle v. St. L., K. C. & N. Ry. Co.*, 54 Mo. 219. Jurisdiction when once acquired is retained. 33 Mo. 409. The circuit court has discretionary power in regard to costs.

SHERWOOD, J.—Vineyard sued Lynch in the circuit court. His petition contained three counts, each for the malicious killing or wounding of certain domestic animals. The second count, which was based on the alleged malicious killing of a sow, stated her value at ten dollars. This suit was brought under the provisions of section 3928, relating to malicious trespass. Upon the cause being tried, the jury found for the plaintiff on the second count, and for the defendant on the others, Judgment was thereupon rendered for plaintiff in the sum of twenty dollars, double damages being lawful under the statute under which this suit was brought, and the whole of the costs were taxed against the defendant.

I. The motion in arrest, on the ground of lack of jurisdiction was, properly denied. It is expressly provided by statutes in actions *ex delicto* that damages claimed in the petition shall determine the jurisdiction of the court, and that if plaintiff recover any damages he shall recover his costs. R. S. 1879, section 995. This statute was passed upon at an early day in this state, and a ruling made in conformity with its plain provisions. *Acks v. Ball*, 14 Mo. 396. The test of jurisdiction in such cases is the aggregate amount of damages prayed for, and not the amount of damages prayed for in a single count. *Hunt v. Hopkins*, 66 Mo. 98, and cases cited.

And the same rule applies, whether the action be for a wrong in the nature of a tort or otherwise. *Fickle v. Ry.*, 54 Mo. 219.

II. Nor was there error in denying the motion to re-tax costs. This is apparent for the reason already stated ; the plaintiff's recovery of costs being based on section 995, *supra*. It will be observed that as to costs, a plain distinction is taken by the statute between actions *ex delicto* and those *ex contractu*, in regard to the matter of taxing costs ; for in the next succeeding section in relation to actions of the latter nature, it is provided that, "if the plaintiff recover an amount which, etc., is below the jurisdiction of the court, * * * the costs shall be adjudged against him, unless the court shall be of opinion, from the evidence, that the plaintiff had at the time of the commencement of the suit, reasonable grounds," etc. Section 996. And even in a case of that sort, it has been ruled by this court that the matter of taxing costs rested largely in the discretion of the trial court, and that a refusal to tax them against the plaintiff was evidence that the trial court considered that the plaintiff had reasonable ground to believe, etc. *Hannan v. Shotwell*, 55 Mo. 429.

There is another statutory provision which may have some bearing on the point in hand, it is this : By section 3603, Revised Statutes, it is declared that "in all cases where there are separate causes of action united as aforesaid, the court shall award separate costs against the unsuccessful party, unless for good cause it shall otherwise order." Now, treating each count in the petition as the statement of the separate cause of action, still the action of the court may well be upheld ; for, by parity of reasoning with the case last cited, it may well be assumed that the action of the trial court on the motion to re-tax was equivalent to an order based upon good cause refusing to award separate costs against the

Vineyard v. Lynch.

unsuccessful party. And this conclusion is all the more reasonable in this particular instance, by reason of the fact that no evidence has been preserved to abate the force of those reasonable presumptions and intendments which always attend the acts and doings of courts of general jurisdiction. Therefore, judgment affirmed. All concur.