T. J. BYBEE, Plaintiff Appellant, v. ROBERT & JOHN IRONS, Defendant Appellants.

Kansas City Court of Appeals, February 4, 1889.

1. **Practice**: INSTRUCTIONS: COMMON FAULT. Defendants cannot be heard to complain of a fault in plaintiff's instruction, when at their invitation the court gave an instruction containing the same fault ( if fault it be ).

2. **Costs**: TAXATION OF IN ACTION EX DELICTO. In actions *ex delicto*, where plaintiff recovers, it is error to tax any costs against the plaintiff. (R. S., sec. 995 ).

*Cross-Appeals from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED (*for plaintiff*).

REVERSED AND REMANDED (*with directions as to costs*).

*C. T. Davis* and *H. H. Blanton,* with whom are *Burton & Wright,* for defendant appellants.

(1) The court erred in giving instruction number one, at request of plaintiff. Plaintiff did not allege any damage, nor claim any, for the mere trespass to his land. *Wright v. Jacobs,* 61 Mo. 19; *White v. Rush,* 58 Mo. 105; *Armstrong v. City,* 3 Mo. App. 100. (2) The court erred in overruling defendants' motion for a new trial because of the error in giving said instruction. (3) Conceding that the court did not err as above, then the court did not err in sustaining defendants' motion to re-tax costs, which was, correctly speaking, a motion for judgment for costs. R. S. 1879, sec. 3603; *Vinyard v. Lynch,* 86 Mo. 684.

*Kimball & January,* for plaintiff appellant.

(1) A party cannot complain of error which he himself adopts. (2) A harmless instruction is not ground for reversal. (3) In actions *ex delicto,* if plaintiff recover any damages he shall recover his costs. R. S. 1879, sec. 995; *Vinyard v. Lynch,* 86 Mo. 684.

GILL, J.—Plaintiff Bybee brought an action in the Vernon circuit court against defendants Irons, claiming damages by reason of an alleged trespass on plaintiff's enclosure in Vernon county, Missouri. The particular matter of complaint was that the defendants drove some hogs afflicted with "hog cholera" through plaintiff's premises, whereby plaintiff's hogs acquired the

same disease and many died, to plaintiff's damage in the sum of three hundred and eleven dollars, for which he asked judgment.

The answer admitted some unimportant, but denied the material, allegations of the petition.   The cause was tried with the intervention of a jury and a verdict was rendered for the plaintiff for one cent damages and a judgment was entered thereon in the usual way for such damages and costs.

Defendants, after an unsuccessful motion for a new trial, appeal to this court.   Plaintiff is also here appealing from the judgment and order of the circuit court in re-taxing costs in the cause.   After the verdict and judgment was entered as above noted, defendants moved the circuit court to re-tax the costs so as to charge the same, or a greater part thereof, to the plaintiff.   The court sustained this motion in so far as to tax the "court costs," as they are called, and the costs of one of plaintiff's witnesses against the defendants and all other costs of the plaintiff were taxed against said plaintiff.   To this ruling the plaintiff excepted and he is here asking a reversal of the order and judgment of the circuit court as to the matter of taxing costs.

I.   First, as to errors assigned by defendants.   The only error complained of is the giving the following instruction, by the court, at plaintiff's request:

"1.   The court instructs the jury that, if they believe, from the evidence, that the defendants, their servants or agents, drove a number of hogs across an enclosed field of plaintiff's without plaintiff's permission, or authority from plaintiff, then they will find a verdict in favor of plaintiff for one cent or nominal damages."

Now, in answer to this complaint by the defendants, it is sufficient to say that whether the instruction above quoted should, or should not, have been given, the defendants cannot be heard to object, since they

asked and the court gave in effect the same instruction for them. Number 6, given at defendants' request, reads as follows :

" 6. The court instructs the jury that, unless they shall believe, from the evidence, that plaintiff was in possession of the premises described in the petition at the time of the injuries complained of, they cannot find a verdict for one cent, or nominal damages in this cause."

If instruction number one for plaintiff was error, then surely number six for defendants was error, and for the same reasons. Since, then, this error (if error it was) was made at the time, with the approval of defendants, they must abide by it, and cannot be heard to find fault with the trial court for an act, the commission of which they invited. *Holmes v. Braidwood*, 82 Mo. 616, and authorities cited.

II. The error of which the plaintiff complains is the court's action in taxing any costs against him, as was done in sustaining defendants' motion to re-tax costs.

Following what seems to us as the manifest direction of the statute, as construed, too, by the supreme court of this state, we must hold that the learned judge of the circuit court committed error in taxing any costs against the plaintiff who had recovered a judgment for damages. Section 995, Revised Statutes, 1879, provides that "in all actions not founded on contract, the damages claimed in the petition shall determine the jurisdiction of the court, *and if the plaintiff recover any damages he shall recover his costs.*" The case at bar clearly comes within the class of cases of "*All actions not founded on contract.*" It is an action *ex delicto*, and not *ex contractu*.

The supreme court of this state has settled this contention in case of *Vineyard v. Lynch*, 86 Mo. 684, and in *Acks v. Ball*, 14 Mo. 396. In *Vineyard v. Lynch*,

the action was for malicious trespass in three separate and distinct counts. The plaintiff recovered on the second count and there was judgment for the defendant on the other two counts. The trial court refused to tax any costs against the plaintiff, and the supreme court approved its ruling, placing it upon the statute above referred to, section 995, Revised Statutes, 1879.

So, too, the same ruling was had by the same court as early as 14 Mo. 396, decided in 1851, under practically the same statute we have now. Section 3603, referred to by defendants' counsel, does not apply here. The matter there being treated of is where there are separate causes of action, separately stated, which the court may, in its discretion, on the application of either party, try separately, and in such cases " the court shall award separate costs against the unsuccessful party, unless for good cause it shall otherwise order." In the case at bar we have but one count, one cause of action. The hardship attending the enforcement of this statute, in this and like cases, is something which we have no power to consider nor remedy to offer. This complaint would be more properly addressed to another body, to-wit, the legislative branch of our state government.

The result, then, of our consideration leads to an affirmance of the judgment for the plaintiff, but a reversal of the order and judgment in taxing costs with instructions to the circuit court to tax up and adjudge all of the costs in the cause against the defendants. The other judges concur.