IRA S. HASELTINE *et al.*, Respondents, v. ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 18, 1890.

1. **Practice, Trial:** MOTION TO RETAX COSTS. The taxation of costs made by a clerk is *prima facie* correct; and when such taxation is assailed on any ground, other than that the costs are not taxed in conformity with the judgment, or that items are taxed, which are not taxable as costs at all, the motion must specifically point out the objectionable items.

2. ———: ———: WAIVER OF OBJECTIONS TO FORMAL SUFFICIENCY OF MOTION. Proceeding, without objection, to a hearing on the merits of a motion for the retaxation of costs does not constitute a waiver of the right to urge objections to the formal sufficiency of the motion, when the alleged insufficiency applies only to a part of the motion, and some grounds of the motion are properly presented.

3. ———: APPORTIONMENT OF COSTS. When, in an action *ex delicto*, the plaintiff recovers on two of the counts of his petition, but fails to recover on three thereof, the general costs are not apportionable; the provisions of Revised Statutes, 1879, sections 992 and 993, for apportionment of costs are not applicable to actions *ex delicto*.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*E. D. Kenna* and *Adiel Sherwood*, for the appellant.

The motion to retax is sufficient. It is the proper form of relief. When the pleader sets out plainly and distinctly the relief to which he claims he is entitled, his pleading is sufficient without incorporating therein all the evidence he intends to introduce at the trial. It is only necessary to allege what is necessary to be proven in order to make a *prima facie* case in the absence of objection by proper motion before the trial. *Crane v. Railroad*, 87 Mo. 588; R. S. 1879, sec. 3511; *Warrensburg v. Simpson*, 22 Mo. App. 695; *Putnam v. Railroad*, 22 Mo. App. 589; *McNees v. Railroad*, 22 Mo. App. 224. If the motion to retax was lacking in definiteness and certainty it was the duty of plaintiffs to file their motion in that behalf at the proper time and not wait till the trial came on to interpose their verbal objection that "the motion is insufficient." Such an objection comes too late. Announcing ready for trial in a case of this kind is a plea to the merits and has the same effect as an answer to the merits. *Banchor v. Gregory*, 6 Mo. App. 102; *Mead v. Brown*, 65 Mo. 552; *State to use, etc., v. Berning*, 74 Mo. 87; *Meyer v. Chambers*, 68 Mo. 626; *Hall v. Johnson*, 57 Mo. 521, 523; *Grove v. City of Kansas*, 75 Mo. 672; *Christal v. Craig*, 80 Mo. 367; *Elbrank v. Seiler*, 54 Mo. 134, 136. The statute is plain and needs no construction. The costs should be apportioned in accordance with the verdict of the jury. The plaintiffs "prevailed" in part and the defendant in part. R. S. 1879, secs. 990, 993, 3603.

*Haseltine Bros.*, for the respondent.

It is a strained position that defendants are forced to take, when they would ask a ruling of this court to establish a doctrine that the opponent to a motion must answer it with a motion to make that motion more specific. It is only necessary to state this proposition to show the

absurdity to which it would lead. Such a position was condemned by our supreme court. *Jackson v. Bowles*, 67 Mo. 609. The very object of a motion is to point out; it is summary in its character (R. S. sec. 3558), and if the party making the motion has nothing to point out or object to, certainly no one else can know, and the only way it can be attacked is at the hearing, and if at the hearing they have not pointed out what they wanted to attack in a bill of items, certainly the court would be right in excluding all evidence in regard to things not pointed out. *Patterson v. Hollister*, 32 Mo. 478; *Jackson v. Bowles*, 67 Mo. 609; *Shed v. Railroad*, 67 Mo. 687. The law is well settled that defendant is not entitled to have the costs apportioned. R. S. 1879, sec. 995; *Vineyard v. Lynch*, 86 Mo. 684.

ROMBAUER, P. J., delivered the opinion of the court.

This is an appeal taken by the defendant from the judgment of the trial court dismissing its motion to retax costs for insufficiency, and refusing to hear evidence in its support. The plaintiff sued the defendant in an action *ex delicto*, the petition containing five counts. The aggregate damages claimed were sixteen hundred and fifty dollars. Upon the trial there was a verdict for plaintiffs upon the second, fourth and fifth counts for an aggregate sum of forty-eight dollars and seventy-five cents, and a verdict for the defendant upon the first and third counts. The court made a judgment entry as follows: "It is, therefore, considered and adjudged by the court, that the plaintiffs have and recover of and from the said defendant, on the second, fourth and fifth counts or causes of action of said petition, the said sum of forty-eight dollars and seventy-five cents, the damages aforesaid by the jurors aforesaid assessed with costs in that behalf expended. And it is further considered and adjudged by the court, that the plaintiff take nothing by his writ on the remaining counts or causes of action in his said petition, and that

defendant go hereof without day and recover its costs in that behalf expended." The clerk thereupon taxed costs in the cause amounting to $571.78 against the defendant, such amount including all the' costs of witnesses, and taxed costs amounting to $2.86 against the plaintiffs.

The defendant paid the costs taxed against it, and thereafter filed a motion to retax costs, in words and figures as follows :

"The defendant moves the court to retax the costs herein for reasons following:

"*First.* Because most, if not all, of the items of costs are largely in excess of the fees by law allowed.

"*Second.* Because most, if not all, of the witness fees taxed in favor of plaintiffs were taxed for witnesses who were never summoned by subpœna, as by law required.

"*Third.* Because most, if not all, of the sums allowed as mileage to the witnesses is in excess of the amount fixed by law.

"*Fourth.* Because there were several counts in plaintiffs' petition which were dismissed by plaintiffs, and the costs thereof should be apportioned.

"*Fifth.* Because a very large number of witnesses introduced by plaintiffs, and who have had fees for attendance and for mileage taxed in their favor against defendant, were introduced here by plaintiffs in support of issues never made for the reason that the matters and things, about which they were to testify, were included in the counts dismissed by plaintiffs.

"*Sixth.* Because many of plaintiffs' witnesses never testified in support of the counts upon which judgments were rendered, and yet have had large fees taxed herein for attendance and mileage.

"*Seventh.* Because many of the witnesses, in whose favor fees for attendance and mileage have been taxed, were unacquainted with the case, and were not *bona fide* witnesses, and were not competent to testify.

"*Eighth.* Because the costs taxed herein are largely in excess of five hundred dollars, when they should be for a much less sum by hundreds of dollars.

"*Ninth.* Because, if the first taxation of costs herein is permitted to stand uncorrected, the defendant will be compelled to pay unlawful charges by reason thereof, and thereby satisfy illegal claims and demands.

"*Tenth.* Because many items are herein taxed as costs which ought not to have (been) taxed and were illegal.

"Wherefore defendant prays that a retaxation be had and all errors corrected.

"*Eleventh.* Because there were five counts in the petition of plaintiffs and all of them were tried, and evidence was introduced in support of all said counts, and all the witnesses testified in support of the issues made by all of said counts, and, after a lengthy trial and full hearing of the evidence, the jury returned a verdict for plaintiffs upon the second, fourth and fifth counts, and returned a verdict for defendant upon the first and third counts.

"And defendant says that two-fifths of the proper and legal costs should be taxed to plaintiffs, and three-fifths to defendant, as otherwise defendant will be required to pay a large sum of money, which should, in justice, be apportioned to plaintiffs, and paid by them."

When the motion came on for rehearing, the defendant offered in evidence the itemized bill of costs aggregating the amount of $571.78 above referred to, which was admitted without objection. The defendant also offered evidence tending to show that there were no subpœnas on file for a number of witnesses, in whose behalf attendance and mileage was charged. This evidence was objected to by the plaintiffs, and excluded by the court, on the ground, that the motion was insufficient, in not being sufficiently specific to justify the admission of the evidence. It was admitted upon the

hearing, " that all the evidence introduced in this case at the trial thereof of all the witnesses sworn was introduced indiscriminately in support of the issues made by all of the five counts of the petition of plaintiffs and without respect to any one count in particular."

Two questions are presented for our consideration. First, was the motion, as far as it related to erroneous witness fees, sufficiently specific to entitle it to any consideration. Next, was the defendant entitled, under the provisions of sections 992 and 993, Revised Statutes of 1879, to have two-fifths of *all the costs* taxed against the plaintiffs.

No decisions in this state can be found prescribing the exact requisites of a motion to retax costs. In the few cases wherein the ruling on such motions was reviewed on appeal, the motions specifically set out the items complained of. *Shed v. Railroad*, 67 Mo. 687; *Miller v. Muegge*, 27 Mo. 670. There are numerous decisions touching all other motions which hold that, unless the motion points out the exact defect which is sought to be remedied, it will be disregarded. In New York, where the question of taxation of costs is regulated by statute in its minutest details (as it ought to be everywhere), the successful party is required to make an itemized statement of the costs he seeks to recover, supported by affidavit. It was there held that, in a proceeding seeking a re-adjustment of costs, the motion must specifically point out the items objected to, and the ground of the objection, and that a general objection that the affidavit is insufficient is entitled to no consideration. *Toll, Assignee, v. Thomas*, 15 How. Pr. 315. So in *Wilder v. Wheeler*, 1 How. Pr. 136, it was held that while an affidavit for retaxation, as to items not provided for in a fee bill, need only show that the items were objected to before the taxing officer, yet, as to all other items, the grounds of objection must be specifically stated.

In this state the costs are taxed by the clerk without the intervention of either party. Such taxation is *prima facie* correct. It seems to result from the analogy of decisions touching other motions in this state, and decisions on this very subject elsewhere, that, where the fee bill is challenged on any other ground than the one that the costs are not taxed in conformity with the judgment, or that items are taxed as costs which are not taxable as costs at all, the motion must specifically point out the objectionable items both for the protection of the clerk and the party claiming the costs.

The defendant contends that, conceding that such is the law, yet the plaintiffs waived the defect in the motion by proceeding to try its merits. This contention is untenable. The motion was sufficient to test the question whether the defendant was entitled to *pro rata* costs on two counts, and the plaintiffs, by going to trial on such parts of the motion as presented a proper issue, could in no sense be held to waive their objection to the insufficiency of such parts as did not present a proper issue, assuming that the argument attempted is at all admissible in determining the sufficiency of motions of any kind.

The only part of the motion, which properly presented an issue, namely, whether the defendant was entitled to two-fifths of all general costs, because it recovered a verdict on two out of five counts, was determined by the court against the defendant on the merits. In so doing, the court merely followed the decision of the supreme court in *Vineyard v. Lynch*, 86 Mo. 684, where it was held that the statute providing for an apportionment of costs in such cases has no reference to actions *ex delicto*. This being the last controlling decision of the supreme court on the identical point, was binding on the trial court and is binding on us, and precludes all further discussion on that subject.

OCTOBER TERM, 1889. · 441

First Presb. Church of ,St. Charles v. Kellar.

In the case at bar the clerk seems to have apportioned certain court costs proper, between the plaintiffs and defendant, but to have charged the defendant with the residue of all the costs. We are not advised of the theory of this apportionment, and there is nothing to show that under the decision of *Vineyard v. Lynch*, *supra*, there is anything in this action of· the clerk of which the defendant can complain.

It results from the foregoing that there was no error in the action of the court overruling the defendant's motion, and its judgment should ·be affirmed. So ordered. All concur.