STATE *ex rel*. T. E. TUDOR, Respondent, v. THE COUNTY COURT OF PLATTE COUNTY AND THE JUSTICES THEREOF, Appellants.

Kansas City Court of Appeals, April 14, 1890.

Criminal Cases: SEDUCTION: COUNTY LIABLE: PROSECUTRIX NOT. On an indictment for seduction, where a *nolle prosequi* is entered on the defendant's marrying the prosecutrix, the county is liable for the costs of prosecution. Prosecutrix, in such case, cannot be adjudged liable therefor.

*Appeal from the Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*John W. Coots*, for the appellants.

(1) The defendant George McLain was indicted for the commission of a felony, and was not convicted of a lower grade of offense. It is the conviction and sentence which establishes the grade of the offense for the purpose of fixing the liability for costs, and not the allegations contained in the indictment. *State ex rel. v. Carpenter*, 51 Mo. 555. (2) The cost bill was not legally and properly certified by the circuit judge and prosecuting attorney, as required by law. R. S. 1889, secs. 4414, 4415, 4396, 4397 and 4398. (3) The judgment should have been arrested, because the petition of relator did not state facts sufficient to authorize or warrant the court in issuing its peremptory writ of *mandamus* against defendants.

*A. D. Burnes, J. W. Coburn*, for the respondent.

(1) R. S. 1879, sec. 1259. (2) In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state ; and in all other trials on indictment or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them, or it shall be otherwise provided by law. R. S. 1879, sec. 2095; *State ex rel. v. Holladay*, 67 Mo. 299. (3) The defendant McLain was not liable for the costs, as his marriage with the seduced woman was "a bar to any further prosecution

of the offense." The *nolle pros.* was, in effect, an acquittal ( R. S. 1879, sec. 1259 ), and, besides, there was no judgment against him. (4) There was no judg-ment against any "prosecutor" for these costs, nor is there any other provision made by the law for their payment, except by the county. R. S. 1879, sec. 2095. (5) There is nowhere in the case any suggestion of any prosecutor or prosecuting witness as contemplated by section 2101. That section is based on section 1800, Revised Statutes, 1879, which requires the indorsement of a prosecutor only in cases not amounting to a felony. *State v. Huiatt*, 31 Mo. App. 302 ; *State v. Rogers*, 37 Mo. 367, see point in brief therein ; *State v. Allen*, 22 Mo. 318. · And the offense charged against McLain was a felony. R. S. 1879, sec. 1259 ; *State v. Reeves*, 97 Mo. 668. (6) The case of *State ex rel. v. Carpenter*, 51 Mo. 555, cited and relied on by appellants, is not in point, it having reference to the costs on conviction; and not to the costs on acquittal. (7) Appellants cannot, for the first time, in this court, raise the point that the cost bill was not legally and properly certified by the circuit judge and prosecuting attorney.·

ELLISON, J.—At the November term, 1888, of the Platte circuit court one George W. McLain was indicted under section 1259, Revised Statutes, 1879, for the seduction under promise of marriage of an unmarried female of good repute under the age of twenty-one years. At the April term, 1889, of said court, the case coming on for trial and a jury impaneled, the defendant elected to marry the seduced woman, was married to her in open court, and the indictment was thereupon dismissed by the prosecuting attorney. In due time thereafter, and in accordance with the law, a fee bill for the costs in said case was, by the clerk of said court, made out against the county of Platte, and having been duly approved and attested by said prosecuting

attorney and circuit judge and certified by said clerk, was presented to the county court of Platte county for allowance, which was refused by said county court, whereupon, at the August term, 1889, a proceeding in *mandamus* was instituted in said Platte circuit court against said Platte county court, and, upon hearing thereof, a peremptory writ was awarded, from which defendants have appealed.

The sole question that was tried below, and is for trial here, is whether the county of Platte is liable for the costs arising under the above-mentioned indictment.

The controversy is whether the state or county is liable for relator's costs and the case depends upon a construction of the criminal costs statute ; and in passing on the question we shall consider the case as though the defendant had been acquitted. The *nolle prosequi* amounted to an acquittal in the sense of the statute.

In all capital cases in which the defendant is convicted, and all cases in which the defendant may be sentenced to the penitentiary, and he in either case be unable to pay the costs, the state shall pay them, except such as he incurs. Revised Statutes, 1879, section 2093. So, if the defendant be acquitted in a capital case or in a case where the punishment is solely in the penitentiary the state shall pay the costs. Section 2095. "And in all other trials on indictment or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them, or it shall be otherwise provided by law." Section 2095. In this case the punishment may be either imprisonment in the penitentiary or by fine and imprisonment in the county jail ( section 1259 ), and it is therefore not a case "in which imprisonment in the penitentiary is the sole punishment for the offense" which, by the terms of section 2095, is the prerequisite to the state's liability where the defendant is acquitted. The state, therefore, is not liable for relator's costs.

We find no other provision of the statute for paying them than that contained in the second division of section 2095, which we have quoted. No prosecutor has been adjudged to pay them; nor do we believe this to be a case where the prosecutor could be so adjudged, as it does not fall under either of sections 2096, 2098, 2099, 2100 or 2101, these being the only sections relating to a prosecutor's liability. Our opinion, then, is, that the county should pay the relator's costs. The judgment is affirmed. All concur.