The State v. Krueger.

69   31
85  251

THE STATE OF MISSOURI, Respondent, v. W. O. KRUEGER, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Criminal Law**: COSTS: DEPOSITION. Where the state dismisses a criminal case the defendant is entitled to be discharged and to recover judgment of all legitimate costs made by him in the case, such as depositions, etc., and it is error to tax such costs against the defendant.

2. **Criminal Procedure**: DISCHARGE: APPEAL. Though there is final judgment discharging the defendant, an appeal will lie from a mere order taxing costs.

*Appeal from the Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED.

*I. B. Kimbrell* for appellant.

(1) The law authorizes a defendant in a criminal case to take depositions conditionally. R. S. 1889, secs. 4434 and 4149. The defendant in a criminal case is authorized to subpoena witnesses by section 4406. Neither of the three sections cited mention costs. All are enacted for the purpose of assisting the defendant in preparing to meet the charges made against him in the indictment. (2) No costs are allowed by the common law. They are creatures of the statutes, and can only be taxed to the amount and in the manner fixed by the statutes. *Houts v. McCluney*, 102 Mo. 13. The entire subject of costs is a matter of statutory enactment, and the statutes regulating them must be strictly construed. *Ring v. Put. & Glass Co.*, 46 Mo. App. 374; *State v. Powell*, 44 Mo. App. 21.

*Frank M. Lowe* for respondent.

(1) An appeal will not lie from a judgment for costs merely. *State to use v. Newton*, 26 Mo. App. 11; *Boggess v. Cox*, 48 Mo. 278; *Moran v. Plankinton*, 53 Mo. 243; *Crockett v. Lewis*, 66 Mo. 671; *Evans v. Russell*, 61 Mo. 37; *Schmidt v. Halle*, 15 Mo. App. 36; *Bobb v. Graham*, 15 Mo. App. 289, 295; *Lesle v. Hoppie*, 9 Mo. 172. (2) The state is not liable for costs unnecessarily incurred by defendant. *Bosley v. Parle*, 35 Mo. App. 232, 235; *In re Murphy and Spillane*, 22 Mo. App. 476; *Walden v. Dudley*, 49 Mo. 419, 423; *State v. McO'Blenis*, 27 Mo. 508.

GILL, J.—This is an appeal from a judgment taxing certain costs against the defendant, though the state dismissed the indictments after the cost had been incurred. In January, 1895, three indictments were found against the defendant for violation of the election laws. The cause was continued to the April term, and during that time the defendant gave notice and took the depositions of certain witnesses. On the application of the prosecuting attorney the court appointed a special commissioner to take the depositions. The parties procured and took the testimony of a number of witnesses, the majority, if not all, of whom were the same as those named on the indictments as witnesses for the state. Following the taking of these depositions the state dismissed the case; and the court, at the suggestion of the prosecuting attorney, adjudged the costs of taking these depositions against defendant, and he appealed.

I know of no law that will sustain the court's action. The defendant had the legal right to take depositions to be used *conditionally* at the trial against him. Secs. 4147, 4149, R. S. 1889. If, however, the state should

The State v. Krueger.

CRIMINAL law: costs: deposition. thereafter abandon the prosecution and dismiss the case, then the defendant was entitled, not only to a judgment of discharge, but as well a judgment for his costs lawfully incurred in preparing for his defense. This matter of costs is one of statutory regulation, and I know of no statute provision for taxing the costs against the defendant in a criminal prosecution except where he is convicted. Sec. 4395, R. S. 1889. If the defendant should manifestly abuse this provision for his benefit, and should take depositions foreign to the issues involved, and which could not in any event be used, then the court might well deny his right to recover the same. But there is nothing in this record to show any such abuse. The mere fact that defendant took the depositions of witnesses named on the state's indictment; or that such witnesses then resided and were found within the reach of subpoenas from the court, do not establish such abuse. It may be that the testimony of such witnesses was material for the defense, though relied on by the state; and that though they were at the time within reach of the court's process, yet they might have been beyond it when the cause was called for trial. In view of this contingency, the defendant would be justified in taking the depositions of such witnesses to be used conditionally as the statute before cited has provided.

There *was a final judgment* discharging the defendant; and hence the objection that an appeal will not lie from a mere order taxing costs, as CRIMINAL procedure; discharge: appeal. suggested in the brief of the state's attorney, is not well taken. The judgment of the criminal court, in so far as it taxes the costs attending the taking of the depositions in question, will be reversed. All concur.