BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1900.

STATE OF MISSOURI ex rel. JASON M. HOLTON, Appellant, v. ROBERT WALKER et al., Respondents.

St. Louis Court of Appeals, October 1, 1900.

1. **Mandamus to Compel Justice of the Peace to Tax Costs.** The writ may issue to compel a justice of the peace to tax up costs in a suit in which judgment, for damages and costs, or costs only, has been recovered before him.

2. ——: TO CONTROL JUDICIAL DISCRETION: NOT APPROPRIATE. The writ of mandamus is appropriate to set in motion the machinery of an inferior court or tribunal, but not to correct errors of judgment, or control its judicial discretion .

3. ——: ——: IF AN APPEAL LIES, THE WRIT WILL NOT. Mandamus will not lie to effect or control the rulings of an inferior court, when an appeal may be taken.

(247)

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Thomas A. Warren* for appellant.

(1)   All of the competent, relevant and material evidence adduced shows that all legal and proper costs in the case, as alleged in appellant's petition, were, by him either, paid or tendered.   R. S. 1889, secs. 5005, 4997, 4989, 5002, 5003, 6149, 6150 and 6242; Laws 1891, pp. 149, 150, 151 and 146, secs. 26, 18, 10, 23, 24 and 9.   (2) The right to costs being purely statutory, such right can have no existence, except the statute authorizing the item or items can be directly pointed out.   State ex rel. v. Seibert, 130 Mo. 202 (217).

*M. C. Early* for respondents.

(1) A writ of mandamus will not lie unless relator shows a clear legal right to have the thing which he asks for; and if the right be doubtful, or he fail to show an absolute obligation on the part of the person sought to be coerced, the writ will be denied.   Merrill on Mandamus, secs. 56, 57, and cases cited; State ex rel. Hudson, 13 Mo. App. 61. (2)   Where a trial judge sits as a trier of facts and there is evidence upon which to base his opinion, the judgment will be affirmed, whether or not the appellate court may have the same view of the probative force of the whole evidence. Fairbank Co. v. Oil Co., 2 Mo. App. Rep. 889.

BLAND, P. J.—On February 10, 1899, before Robert Walker (one of the respondents), a justice of the peace in

and for the city of St. Louis, the appellant, J. M. Holton, re-covered a judgment of $98.77 and costs against one G. W. Douglass. An execution on this judgment was issued and delivered to G. W. Stinebaker (a respondent), constable. Pending the suit Holton deposited with the justice $15 as security for the costs. On the first day of June, 1899, and while the execution was yet in the hands of the constable, Hol-ton through his attorney Thomas A. Warren, Esquire, applied to the justice and to the clerk of his court for a transcript of the judgment and demanded that a certificate be attached thereto to the effect that all the costs had been paid by Holton, offering to pay what he conceived to be the legitimate costs that had accrued in the case and the cost of the transcript. The costs had not all been taxed at this time and the execu-tion not being returned the justice's clerk offered to receipt for all costs then tendered and to make out the transcript of the judgment, but refused to certify that all costs had been paid. Warren refused to accept this offer, and on the follow-ing day filed a motion before the justice to tax the costs. The motion was sustained and thereafter the costs were taxed at $21.05, including $1.60 for the transcript and $2.40 com-mission to the constable (the latter item), on the erroneous assumption that the judgment had been paid. Warren for his client agreed that the deposit of $15 security for costs might be applied on the costs, and offered first to the consta-ble, then to the clerk of the justice's court, and finally to the justice the balance of the cost as he had figured it, to-wit., $2, and demanded a receipt in full of all costs and de-manded of the justice and his clerk a transcrippt of the judg-ment with a certificate attached that all the costs of the suit had been paid by Holton. Each of these officers offered to receive the $2 and to receipt for the payment of $17 by Holton on the costs, but refused to receipt in full for costs, and the clerk and justice refused to certify that all costs had

been paid, but offered to make a transcript of the judgment and to certify to the payment of $17 by Holton on the costs. Warren refused to accept this transcript with certificate as to costs as offered, and applied to the circuit court for a writ of mandamus to compel the constable to accept the $2.00 and to give a receipt in full for all costs and to compel the clerk and justice to make a transcript of the judgment and to append a certificate thereto to the effect that Holton had paid $17, the full amount of costs taxed in the cause. An alternative writ was issued, to which respondents filed their return putting in issue the material allegations thereof. A hearing was had resulting in a judgment for the defendants, from which relator duly appealed.

It will be seen from the foregoing statement that this controversy arose on account of a disagreement between Mr. Warren and the justice as to the amount of costs that had accrued in the Douglass suit. Excluding the item of $2.40 (conceded to be erroneous), taxed as constable's commission, the justice taxed the costs at $2.60 more than Mr. Warren would pay for his client, and which he claims is more than was earned, or accrued. In other words, his contention is that the justice has committed error in the exercise of his statutory duty to tax the costs and he seeks to correct this error by the writ of mandamus. Can this be done? We think not. It is not denied that a justice of the peace may be compelled by the writ of mandamus to exercise his statutory duty to tax costs in a suit in which judgment for damages and costs or costs only has been recovered before him. State ex rel. v. Engle, 127. Ind. 457. He may be put in motion by the writ, but his movements can not be controlled by the writ after he is once put in motion, for the reason that the determination of the items to be allowed as costs and the amount thereof are judicial, not ministerial acts. State ex rel. v. Jackson, 68 Ind. 58. The writ is appropriate to set the machinery of an

inferior court or tribunal in motion, but is *not* appropriate to correct errors of judgment or to control the judicial discretion of inferior courts and tribunals. State ex rel v. School Board, 131 Mo. 505; State ex rel. v. Smith, 107 Mo. 527; State ex rel. Heman v. Flad, 108 Mo. 614. It is also clear that an appeal will lie from the ruling of an inferior court on a motion to tax, or retax costs after final judgment on the merits. R. S. 1899, sec. 806; State v. Krueger, 69 Mo. App. 31; Haseltine v. Railroad, 39 Mo. App. 434. If, therefore, relator felt himself aggrieved by the ruling of the justice on his motion to tax costs, his right to an appeal afforded him an ample and adequate remedy. When such a remedy is given that mandamus will not lie, is the well-settled law. State ex rel. v. Bollinger County Court, 48 Mo. 475; State v. Lubke, 85 Mo. 338; State ex rel v. Smith, and State ex rel. v. Flad, *supra.* It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.