**STATE of Missouri, Appellant,**

v.

**Lonnie WILBUR, Respondent.**

**No. 25254.**

Kansas City Court of Appeals,
Missouri.

Feb. 2, 1970.

Joseph P. Teasdale, Pros. Atty., Jackson
County, Kansas City, for appellant; John
M. Mahota, Joel Pelofsky, Asst. Pros.
Attys., of counsel.

James L. Crabtree, Melvin L. Kodas,
Kansas City, for respondent.

CROSS, Judge.

A Jackson County grand jury returned
an indictment against defendant Lonnie
Wilbur charging him with the crime of so-
liciting a bribe of $15,000.00 "under a cer-
tain agreement that his opinion, judgment
or decision would be given in a particular
manner and upon a particular side in a
certain matter, cause or proceeding which
was then pending before him in his official
capacity * * * he * * * being at
said time a public officer of the City of
Independence, Missouri, to-wit: a member
of the Independence Planning and Zoning
Commission * * *". Later an amended
information was filed in lieu of the indict-
ment. The charge appears to have been
founded on Section 558.090 V.A.M.S. as
amended Laws 1963, which defines the
crime of "solicitation of bribe by public of-

ficer or employee" and prescribes punishment upon conviction either by imprisonment by the department of corrections for a term of not more than seven years or by confinement in the county jail not exceeding one year, or by a fine not exceeding $1,000.00, or by both fine and imprisonment.

On January 21, 1969, the state voluntarily dismissed the case against defendant. Immediately following the dismissal defendant orally moved the court to assess the costs, including costs of depositions taken by defendant, against the state. Upon due consideration the court sustained the motion and taxed the costs against Jackson County. The state has challenged the lawfulness of that action by this appeal.

■■■ The first question to be decided is raised by defendant-respondent Lonnie Wilbur who suggests that the appeal should be dismissed because the State of Missouri is not a proper party to appeal from a judgment assessing costs against Jackson County. Relying upon the general rule that an appellant can allege error only in connecting with the matter in which he has an interest, citing Shock v. Berry, 221 Mo.App. 718, 285 S.W. 122, defendant argues that the state could not be aggrieved by a judgment assessing costs against the county, and that for such reason the appeal should be dismissed. This suggestion is without merit. It is fundamental that the county is a subdivision of the state, created out of the territory of the state. "A county is but an agency or arm of the state government, created, organized and existing for civil and political purposes * * * and as a matter of public convenience in the administration of the government." 20 C.J.S. Counties § 1, pp. 753–755. Considering that the County of Jackson is a physical component as well as a governmental subdivision of the State of Missouri, we hold that the sovereignty would suffer aggrievement by an erroneous judgment rendered against one of its integral parts. We proceed to our review.

The state primarily contends there is no statutory authority for the assessment of costs generally, and in particular for the taking of depositions in a criminal action "in the absence of the conviction or discharge of the defendant."

■■ The assessment of costs in a criminal action is regulated by statute. State v. Ball, Mo.App., 158 S.W.2d 182. The statutory provision relevant to the trial court's order in the instant case is the second clause of Section 550.040 V.A.M.S. quoted as follows:

"In all capital cases, and those in which imprisonment in the penitentiary is the sole punishment for the offense, if the defendant is acquitted, the costs shall be paid by the state; *and in all other trials on indictments or information, if the defendant is acquitted, the costs shall be paid by the county in which the indictment was found or information filed, except when the prosecutor shall be adjudged to pay them or it shall be otherwise provided by law."* (Second clause italicized.)

Thus, it is seen that if in this case the defendant had been *acquitted* of the bribery solicitation charge lodged against him by the indictment, the trial court was under the positive duty to assess allowable costs against *the county.* This is so because the charged offense is not a capital offense and is punishable otherwise than by imprisonment in the penitentiary. See V.A.M.S. Sec. 558.090, previously noted.

■■ Whether or not a dismissal is tantamount to an acquittal so as to authorize the assessment of costs against the county has previously been ruled by this court. In State ex rel. Tudor v. Platte County Court, 40 Mo.App. 503, the defendant was indicted for the alleged crime of seduction. During the trial the case was dismissed,[1]

---

1. After the trial commenced and a jury was empaneled the defendant elected to marry the seduced woman and the marriage was performed in open court. The dismissal followed.

and the costs were taxed against the county.[2] Upon refusal by the Platte County Court to pay the fee bill the circuit court issued a peremptory writ of mandamus directing the county court to satisfy the cost assessment. On appeal we affirmed that the county was liable for the costs in question. In our opinion (by Judge Ellison) we held the following: "The controversy is whether the state or county is liable for relator's costs and the case depends upon a construction of the criminal costs statute; and in passing on the question we shall consider the case as though the defendant had been acquitted. The *nolle prosequi* amounted to an acquittal in the sense of the statute." We find no decision to the contrary, nor has the state cited any. We follow our previous ruling and hold in this case that the trial judge correctly observed the requirement of Section 550.040 insofar as he taxed the *allowable* items of costs against the county.

Next arising is the question whether the costs of the depositions taken by defendant were proper items to include in the trial court's assessment of costs. This court has heretofore rendered its opinion on that issue, under statutory law substantially the same as presently in effect hereinafter referred to. In State v. Krueger, 69 Mo. App. 31, a case involving facts essentially identical to the facts in this case, three indictments were returned against the defendant charging him with violating the election laws. Pending trial the defendant gave notice and took depositions of certain witnesses. Thereafter the state dismissed the case and the trial court adjudged the costs of taking the depositions against the defendant. Reversing that judgment, this court (speaking through Judge Gill) said:

"I know of no law that will sustain the court's action. The defendant had

the legal right to take depositions to be used *conditionally* at the trial against him. Secs. 4147, 4149, R.S. 1889. If, however, the state should thereafter abandon the prosecution and dismiss the case, then the defendant was entitled, not only to a judgment of discharge, but as well a judgment for his costs lawfully incurred in preparing for his defense."

The foregoing is a firm expression of this court's opinion that a defendant under indictment is entitled, after dismissal of the charges against him, to recover the costs of depositions he has taken. We have found no case that overrules, criticizes or questions that view. Nor has the state cited any such case.[3]

In fact, the Krueger opinion is supported by the state's principally cited authority, the case of State v. Aubuchon, Mo.Sup., 381 S. W.2d 807, which resulted in a conviction for first degree robbery with a dangerous and deadly weapon. Defendant's appeal did not present any question involving the assessment of costs *after an acquittal or a dismissal*. The appeal issue (on the matter of costs) was whether the trial court erred in refusing *to advance* to defendant, *prior to trial*, the costs of depositions he wished to take. The Supreme Court acknowledged that "A defendant is, of course, permitted to take depositions under the authority of § 545.400 * * * and Criminal Rule 25.10 to be used conditionally," but held there was no authority for the court to order any *pre-payment* of such deposition costs, in language quoted as follows: "We hold there is no statute or rule of court in Missouri which fairly requires or authorizes the State to pay for (*except upon acquittal*) or to advance the costs of depositions taken or desired by a defendant." (Emphasis supplied.) The above quoted statement is significant here because, fairly interpreted, it contains an expression of

---

2. Under authority of Sec. 2095, R.S.1889, the text of which is identical to present V.A.M.S. Sec. 550.040.

3. It is significant that at the time State v. Krueger was decided (1897) all pres-

ently existing statutes referred to in this opinion relating to the taking of depositions, in both criminal and civil cases, were in effect either in identical text or substance.

opinion by the Supreme Court to the effect that, under authority of Missouri Statutes and rules of court a defendant who has been acquitted is entitled to recover the costs of his depositions. We agree with that conclusion and proceed to identify the specific sources of authority which, in our view, support the judgment rendered in this case.

We look first to the statutes. V.A.M.S. Section 545.400 provides, in pertinent part, that "the defendant in any criminal cause may also have witnesses examined on his behalf conditionally,[4] * * * with the like effect *and in all respects as is provided by law in civil suits; * * *"* (Emphasis supplied.) The legislature has thus not only conferred upon defendants charged with crime the absolute right to take depositions of witnesses, but has implemented such right by adopting the legal procedures that govern the taking of depositions in civil suits. In the main, those procedures are provided for by V.A.M.S. Chapter 492, Depositions and Examination of Witnesses, which in comprehensive detail prescribes the method to be followed in the taking of depositions and examination of witnesses "in civil suits". It is pertinently provided therein by Section 492.590 that "The costs and expenses of taking depositions, together with the fees of recording and copying the same, shall be taxed in favor of the party or parties praying the same, and collected as other costs in the suit or suits in which such depositions, or any part thereof, may be used."

Procedural rules adopted by the Supreme Court governing the taking of depositions in both criminal and civil actions are, in essential substance, duplicative of the statutes above noted. Rule 25.10 of the Criminal Rules of Procedure, V.A.M.R. reiterates that "A defendant in any criminal case pending in any court may obtain the depositions of any witness to be used in

such case conditionally," but does not prescribe methods or procedures for so doing. Criminal Rule 25.11 provides that "While a defendant's right to take depositions in a criminal case shall be governed by rule 25.-10 hereof, the method of taking such depositions shall be governed by the statutes or rules applicable to civil actions, except as otherwise provided herein. A deposition in a criminal case shall be taken in the same manner and upon the same notice provided in civil actions except that the notice to the prosecuting attorney shall state the names of the witnesses whose depositions are to be taken. * * *". The Supreme Court thereby has adopted not only the existing statutory provisions but also the additional Rules of Civil Procedure applicable to "Depositions, Including Those to Perpetuate Testimony." Civil Rule 57.46 contained therein provides identically with Section 492.590 that "The costs and expenses of taking depositions, together with the fees of recording and copying the same, shall be taxed in favor of the party or parties praying the same, and collected as other costs in the suit or suits in which such depositions, or any part thereof, may be used." On the basis of the above identified statutes and rules, considered together with previously noted decisions, we rule *that the costs of depositions taken by defendant were properly included in the trial court's order taxing costs of the action against the county.*

■ In a separate point the state argues that even if defendant were entitled to recover his costs for depositions "lawfully incurred in preparing for his defense" he has made no showing that the depositions in question were necessary for his defense, and that consequently he is not entitled to recover his costs therefor. Our search of statutes, rules and decisions reveals nothing to indicate that a party in whose favor costs are taxed has the affirmative burden to show that depositions he has taken for

4. The word "conditionally" does not limit the right to take depositions, but relates to the question of competency when their use is sought at trial. See Notes of Decisions following V.A.M.S. Sec. 492.080.

use in the case were necessary in order to recover their costs. The state cites no such authority. If, in this appeal, defendant's depositions are to be challenged as unnecessarily taken, certainly the burden of such a showing would fall upon the appealing party—the state. The point is without substance or merit.

■ The state finally contends that "Defendant has made no showing that he has been prejudiced or otherwise injured by the State's dismissal of this action or by the expenditure of costs in this matter." The point is without validity. No such showing is required by statute, rule or decision as a prerequisite to recovery of the costs here involved.

The judgment is affirmed.

All concur.