**STATE of Missouri, Appellant,**

v.

**Michael MORRIS, Respondent.**

**No. WD 65988.**

Missouri Court of Appeals, Western District.

Aug. 8, 2006.

Randell G. Collins, Esq., Kansas City, MO, Attorney for Appellant.

Dana M. Altieri, Esq., Lee's Summit, MO, Attorney for Respondent.

Before SMART, P.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

The State of Missouri appeals from a judgment awarding $4,443.40 in costs to Michael Morris, following the pretrial dismissal of a sodomy charge against Morris. The State contends the circuit court erroneously applied Section 550.040 [1] in granting Morris's motion for reimbursement of costs and expenses. We agree and reverse the judgment.

On April 2, 2004, Morris was indicted on one count of first-degree statutory sodomy, Section 566.062. During a pretrial proceeding, the circuit court determined that the alleged victim's out-of-court statements would not be admissible at trial. The State subsequently moved to dismiss the sodomy charge against Morris. The court granted the dismissal motion on April 13, 2003.

Morris filed a motion for reimbursement of costs and expenses, pursuant to Section 550.040. The motion alleged that Morris had incurred costs for depositions and expenses for travel and lodging in order to defend himself against the sodomy charge.

---

1. All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise indicated.

The circuit court granted the motion and ordered the State to reimburse Morris in the amount of $4,443.40. The State appeals from the judgment for costs and expenses.

■ In reviewing this court-tried matter, we must affirm the judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The State's appeal raises a question of law concerning the application of a statute, Section 550.040, which we review *de novo*. *State v. Benwire*, 98 S.W.3d 618, 626 (Mo.App.2003).

Section 550.040 requires the State to pay costs "if the defendant is acquitted" of a capital offense or an offense for which imprisonment in the penitentiary is the sole punishment. The State contends this provision is inapplicable in Morris's case because he was not acquitted of any charge. The sodomy charge against Morris was dismissed before a jury was impaneled or evidence was heard in a judge-tried case. The State asserts there was no acquittal because jeopardy never attached and the State's voluntary dismissal is not a bar to subsequent prosecution for the offense. *See State v. Lawson*, 630 S.W.2d 185, 189 (Mo.App.1982) (upon *nolle prosequi*, a charge "may be brought again as long as the accused's double jeopardy rights have not attached so as to bar reprosecution"); *State v. Jarvis*, 809 S.W.2d 460, 461 (Mo.App.1991) ("in a jury trial, jeopardy attaches when the jury is impaneled and sworn, while in a court heard case, jeopardy attaches upon the introduction of evidence").

*State ex rel. Tudor v. Platte County Court*, 40 Mo.App. 503, (Mo.App.1890), is instructive in considering the State's contention that a pretrial dismissal is not tantamount to an acquittal. In *Tudor*, the defendant had been indicted for "the seduction under promise of marriage of an unmarried female of good repute under the age of twenty-one years." *Id.* at 505. During trial, after the jury was impaneled, the defendant married the woman he was accused of seducing. *Id.* The prosecutor thereupon dismissed the indictment. *Id.* The circuit court denied the defendant's request for reimbursement of costs pursuant to Section 2095, a predecessor statute to Section 550.040. *Id.* at 506. On appeal,[2] the court held that "[t]he *nolle prosequi* amounted to an acquittal in the sense of the statute." *Id.* The court noted that the dismissal occurred after the jury had been impaneled and the trial had begun. *Id.* at 505. The court found the defendant was entitled to reimbursement of costs as if he had been acquitted. *Id.* at 506. Therefore, *Tudor* stands for the proposition that the dismissal of criminal charges amounts to an acquittal when the dismissal occurs after the trial begins and jeopardy has attached.

Here, the circuit court awarded costs and expenses to Morris despite the State's *pretrial* dismissal of his sodomy charge. The court acknowledged the contrary holding in *Tudor*, but concluded that the more recent ruling in *State v. Wilbur*, 450 S.W.2d 458 (Mo.App.1970), indicates that a pretrial dismissal also constitutes an acquittal of the defendant for purposes of reimbursement under Section 550.040. Upon review of *Wilbur*, we disagree with the circuit court's application of that decision.

**2.** In *Tudor,* the appeal arose from a writ that required the circuit court to order reimbursement of the defendant's costs and expenses

pursuant to the predecessor statute for Section 550.040 40 Mo.App. at 506.

We note that the *Wilbur* decision was based solely on the prior holding in *Tudor*. *Id.* at 459. In *Wilbur*, the court determined that the defendant was entitled to costs after the State "voluntarily dismissed" charges against him for bribery solicitation of a public officer. *Id.* at 459. The *Wilbur* decision does not indicate at what stage of the proceeding the dismissal actually occurred. However, the decision's sole reliance on *Tudor* and its express recognition that *Tudor* involved a dismissal "[a]fter the trial commenced and a jury was empaneled," strongly suggests that *Wilbur* was based on similar facts. *Wilbur*, 450 S.W.2d at 459 n. 1. Contrary to the circuit court's explanation in the judgment for costs, there is no clear indication that *Wilbur* involved a pretrial dismissal.

■ The circuit court improperly relied on *Wilbur* in determining that the pretrial dismissal of Morris's charges constituted an acquittal for purposes of Section 550.040. Even if *Wilbur* had clearly held that a defendant was entitled to reimbursement of costs following a dismissal at any stage of the proceeding, we would not be inclined to follow that holding in light of the statutory requirement that such costs be awarded upon an acquittal. Sound public policy considerations support this requirement under Section 550.040: the recovery of costs is permitted after an acquittal because jeopardy has attached and the defendant cannot be retried on the same charge(s). Thus, a dismissal can only equate to an acquittal if the dismissal occurs after the trial has begun and jeopardy has attached.

■ Jeopardy had not attached in Morris's case because no trial date had been set, much less a jury impaneled or evidence introduced. *Jarvis*, 809 S.W.2d at 461. The pretrial dismissal did not bar the State from subsequent prosecution and, thus, the sodomy charge could be re-filed

against Morris. Under these circumstances, Morris was not acquitted and he is not entitled to reimbursement of his costs and expenses under Section 550.040.

The judgment of the trial court is reversed.

All concur.