

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED100662 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1222-CR00771-01 |
| | ) | |
| TERRELL G. JOHNSON, | ) | Honorable Robin R. Vannoy |
| | ) | |
| Appellant. | ) | FILED: April 14, 2015 |

### Introduction

Terrell G. Johnson (Johnson) appeals from a sentence and judgment of conviction for burglary in the first degree, stealing over $500, and property damage in the second degree. He asserts that there was insufficient evidence to support the conviction for stealing over $500. We affirm.

### Background

Johnson was charged as a prior and persistent offender with the class B felony of burglary in the first degree, the class C felony of stealing over $500, the class B misdemeanor of property damage in the second degree, and the class D felony of possession of burglar's tools. The evidence at the 2013 jury trial showed the following.

Stefani Hoeing (Victim) was home alone when she witnessed two men breaking into her home and called 911. After locking her bedroom door, she heard someone moving around inside

1

her home. Detective Ramiro Martinez responded to the call for a burglary in progress. He testified that when he entered Victim's residence, he saw Johnson standing inside the home holding a purple purse. The purse contained money, a wallet, an Apple laptop computer, a Dell laptop computer, an Apple iPad tablet, a pair of earrings, and a ring. Victim identified the purple purse and its contents as hers. Detective Martinez also discovered an iPhone in the backseat of the police vehicle where Johnson's co-conspirator was placed after his arrest. Victim identified the iPhone as hers.

Victim testified that the Apple laptop cost $2,700 when she purchased it three years before the burglary. She had purchased the Dell laptop for $700 four months prior to the burglary. She testified that the jewelry in her purse was worth less than $200. Victim could not remember what the iPhone, purchased a year before the burglary, and the iPad, purchased five years before the trial, cost. She did not specify the amount of money that was in her wallet.

The jury found Johnson guilty of first-degree burglary, stealing over $500, and second-degree property damage, but acquitted him of possession of burglar's tools. The trial court sentenced Johnson to concurrent terms of twenty-five years' imprisonment in the Missouri Department of Corrections on the burglary count and fifteen years' imprisonment on the stealing count, and to time served on the property-damage count. This appeal follows.

## Standard of Review

We review challenges to sufficiency of the evidence supporting a criminal conviction for whether the State presented sufficient evidence at trial from which a reasonable juror might have found the defendant guilty of all the essential elements of the crime. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010). We accept as true all evidence supporting the jury's verdict,

2

including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. Id.

## Discussion

In his sole point on appeal, Johnson argues that the trial court erred in overruling his motion for judgment of acquittal and in sentencing him, because there was insufficient evidence to prove his guilt beyond a reasonable doubt for the charge of stealing over $500, in that the State did not produce substantial evidence as to the fair market value of the items stolen. Specifically, he contends that Victim's testimony of the original value of the items plus their age was not substantial evidence of their fair market value, and without proof of fair market value, no reasonable juror could conclude the aggregate value exceeded $500. We disagree.

The State is required to prove beyond a reasonable doubt each element of the offense charged. State v. Ecford, 239 S.W.3d 125, 127 (Mo. App. E.D. 2007). In count two, the State charged Johnson with the class C felony of stealing over $500. A class C felony stealing occurs when [t]he value of the property or services appropriated is five hundred dollars or more... ." Section 570.030.3, RSMo. (Cum. Supp. 2013). The State bears the burden of proving the value of the stolen property beyond a reasonable doubt. State v. Calicotte, 78 S.W.3d 790, 794 (Mo. App. S.D. 2002).

Section 570.020 defines value as "the market value of the property at the time and place of the crime, or if such value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." Section 570.020(1), RSMo. (Cum. Supp. 2002). Until recently, Missouri courts traditionally held that evidence of the purchase price plus age of a stolen item was sufficient to establish value. See e.g., State v. Hall, 56 S.W.3d 475, 479 (Mo. App. W.D. 2001); State v. Holmes, 830 S.W.2d 460, 462 (Mo. App. E.D. 1994). However,

3

this Court in State v. Brown held that when the legislature enacted Section 570.020 in 1979, it was intended to abrogate the prior purchase-price-plus-age test. 2014 WL 6464568, at *7-9 (Mo. App. E.D. Nov. 18, 2014).

Nevertheless, the facts here are quite different than those in Brown. In Brown, the State presented evidence that the stolen item, a television, had been purchased for $750 three years before the burglary, and was then pawned for $140. Based on this evidence, the jury found that at the time of the crime the television was valued over $500. It was in this context that this Court declared the purchase-price-plus-age test "an example of the 'continuing and vexing' valuation problem[]," which was meant to be rejected by Section 570.020. Brown, 2014 WL 6464568, at *8. Here, however, Johnson stole at least six items: an Apple laptop computer, a Dell laptop computer, earrings, a ring, an iPad tablet, and an iPhone, in addition to Victim's purple purse in which the stolen items were stashed and Victim's wallet containing an unspecified amount of cash. At trial, the State presented evidence that the Apple computer had been purchased three years before the burglary for $2,700, and the Dell computer had been purchased four months before for $700. Victim testified that her jewelry was worth less than $200. As well, the evidence was that the stolen iPhone was one year old and the iPad was four years old at the time of the crime. From this evidence, the jury determined the aggregate value of all the items stolen was over $500.

It is the jury's responsibility to assess the weight and credibility of the witnesses, and this Court defers to the jury's factual determinations as long as they are supported by sufficient evidence. State v. Porter, 439 S.W.3d 208, 212 (Mo. banc 2014) (appellate court is not "super juror" with power to override factual determinations supported by sufficient evidence). Here, there was sufficient evidence presented at trial from which a jury could have reasonably

4

determined the combined worth of all the items was over $500. As for the jewelry, Victim testified to its approximate value, and an owner's opinion of an item's worth can constitute substantial evidence of its value under Section 570.020. State v. Slocum, 420 S.W.3d 685, 687 (Mo. App. E.D. 2014) (citing State v. Reilly, 674 S.W.2d 530, 533 (Mo. banc 1984)). The jury determines the weight and sufficiency of an owner's testimony estimating an item's value, see State v. King, 988 S.W.2d 663, 666 (Mo. App. E.D. 1999), and we defer to that determination.

As for the electronics, the jury is familiar with such everyday items as computers and cellular telephones, and their determination that the aggregate value of the stolen items was over $500 was a reasonable inference from their common sense and life experiences. See State v. D.W.N., 290 S.W.3d 814, 820 (Mo. App. W.D. 2009) (noting that "our country's system of justice does not discourage jurors from exercising common sense and drawing upon their life's experiences in fulfilling their role in a jury trial"). Were this a close case involving only one of these items, as was the case in Brown, then we agree that the State would have needed to produce more evidence than it did to overcome reasonable doubt; however, here where there were so many items, including a brand-new computer and three Apple-brand electronics, the high cost of which is common knowledge, the aggregate value was obviously in excess of $500. Johnson introduces for the first time on appeal an IRS document calculating the depreciation rate of computers, but we will not consider evidence on appeal not included in the trial record. See State v. Terry, 304 S.W.3d 105, 109 (Mo. banc 2010).

Under the circumstances here, the jury's determination that all the stolen items together were worth more than $500 was supported by substantial evidence. Gibbs, 306 S.W.3d at 181.

Point denied.

5

## Conclusion

The judgment and sentence of the trial court is affirmed.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

6