Angela T. Quigless, J.
Travis Luster ("Defendant") appeals from a judgment convicting him of felony stealing, in violation of Section 570.030.3 RSMo 2000 (Cum. Supp. 2013), following a jury trial. Defendant argues the trial court erred in convicting Defendant and sentencing him to a term of four years because the offense of stealing cannot be enhanced to a felony under State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016). We reverse Defendant's conviction for felony stealing, and remand the case to the trial court with instructions to enter judgment as a misdemeanor and to resentence Defendant accordingly.
Factual and Procedural Background
Defendant was charged with felony stealing, second-degree burglary, misdemeanor stealing, and second-degree property damage. On August 23, 2016, a jury found Defendant guilty of felony stealing and not guilty of the other three counts. Earlier that same day, the Missouri Supreme Court issued its opinion in State v. Bazell , which held that the offense of stealing cannot be enhanced to a felony under Section 570.030.3. Bazell , 497 S.W.3d at 266-67. Defendant filed a motion for judgment of acquittal notwithstanding the verdict, arguing his conviction was unlawful in light of the Supreme Court's holding in Bazell . The trial court denied the motion, accepted the jury's verdict, and sentenced Defendant to a term of four years.[1] This appeal follows.
Points on Appeal
Defendant raises one point on appeal, divided into three Subparts.[2] In Subpart A, *265 Defendant argues, "The trial court erred in failing to enter judgment of acquittal notwithstanding the verdict, because the jury was erroneously instructed based on an unconstitutional application of the law ... in that the Missouri Supreme Court issued a decision nullifying [Defendant]'s conviction on that same day." In Subpart B, Defendant argues, "This court traditionally sets precedence for the Southern and Western Districts, as well as follows the precedence of them both respectively, because showing uniformity across the jurisdictions is imperative for a fair and justice [sic] judicial system, especially in that the Missouri Supreme Court has rendered a decision effecting the entire state of Missouri." In Subpart C, Defendant argues, "The trial court erred in sentencing Appellant to four years in the Missouri Department of Corrections, because the jury found Appellant not guilty of misdemeanor stealing and felony stealing was an unconstitutional application of law, in that Section 570.030.3 does not apply to [Section] 570.030.1."
Discussion
In his sole point on appeal, Defendant argues-and the State concedes-that the trial court erred in convicting Defendant of felony stealing and sentencing Defendant to a term of four years in prison, in light of the Supreme Court's decision in State v. Bazell , 497 S.W.3d 263, which was decided on the same day the jury returned its guilty verdict against Defendant. Defendant's claim involves the interpretation and application of Section 570.030, which is a question of law this Court reviews de novo. State v. Morris , 197 S.W.3d 638, 640 (Mo. App. W.D. 2006) ; State v. Cowan , 247 S.W.3d 617, 619 (Mo. App. W.D. 2008) ("A trial court's construction of a statute is a question of law which we review de novo. ")
"Since Bazell , Missouri courts have consistently held that Section 570.030.3 is inapplicable to the offense of stealing, regardless of the particular provision of Section 570.030.3 under which enhancement is sought." State v. Clay , 529 S.W.3d 357 (Mo. App. E.D. 2017) ; State v. Smith , 522 S.W.3d 221, 224 (Mo. banc 2017). In State v. Smith , the Missouri Supreme Court specifically held that the felony-enhancement provisions of Section 570.030.3 do not apply to a charge of stealing over $500. Smith , 522 S.W.3d at 224. Here, Defendant was charged and convicted for stealing over $500. Accordingly, we find the trial court erred in convicting Defendant of felony stealing and sentencing him to four years, rather than entering judgment as a misdemeanor.
Defendant argues the proper remedy in this case is to vacate his conviction and discharge him, rather than remand the case for resentencing as a misdemeanor. Defendant contends that the jury was presented with a charge for misdemeanor stealing, and acquitted Defendant on that count. Therefore, he argues, this Court cannot remand the case for sentencing as a misdemeanor.
Defendant's argument lacks merit because the misdemeanor and felony stealing charges were based on entirely different conduct by Defendant. The felony stealing charge was based on allegations Defendant stole tools worth over $500 from the home of an individual he was staying with as a guest. The misdemeanor stealing charge was based on allegations Defendant subsequently broke into the same home and stole a television worth less than $500. By finding Defendant not guilty of misdemeanor stealing, the jury found Defendant *266 did not break into the home and steal a television. This does not affect the jury's finding that Defendant was guilty of stealing the tools.
Misdemeanor stealing is a lesser-included offense of felony stealing. State v. Vineyard , 839 S.W.2d 686, 689 (Mo. App. E.D. 1992). Where a conviction is reversed on appeal for a reason that would not affect a lesser-included offense, the appellate court may remand the case for entry of a conviction on the lesser-included offense. See State v. Trotter , 5 S.W.3d 188, 194 (Mo. App. W.D. 1999) (citing State v. O'Brien , 857 S.W.2d 212, 220 (Mo. banc 1993) ). Therefore, the fact that the jury found Defendant not guilty of stealing the television does not prevent this Court from remanding the case for resentencing for the misdemeanor offense of stealing the tools, the offense for which Defendant was found guilty by the jury. See State v. Shockley , 512 S.W.3d 90, 93 (Mo. App. E.D. 2017) (reversing felony stealing conviction based on Bazell and remanding for entry of a misdemeanor stealing conviction and for resentencing).
Conclusion
We reverse Defendant's conviction and sentence for felony stealing, and remand the case to the trial court with instructions to enter judgment as a misdemeanor and resentence Defendant accordingly.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J., concur.

Defendant was sentenced on October 19, 2016, at which time he had already served "somewhere over 300 days" in jail. On March 12, 2017, this Court received Defendant's motion to remand for resentencing or, in the alternative, for recognizance bond, arguing his stealing conviction was unlawfully enhanced to a felony under Bazell , and he had already served more than the maximum sentence allowable for a misdemeanor conviction, which is one year. We granted the motion on March 22, 2017, and ordered Defendant released on his own recognizance pending the resolution of this appeal.

It is unclear from Defendant's brief whether he is asserting three separate points on appeal, or merely presenting three different arguments concerning the same claim of error. Subpart A challenges Defendant's conviction for felony stealing. Subpart B merely argues this Court should recognize and apply precedent from the Western District. Subpart C argues the proper remedy is to vacate Defendant's conviction, instead of remanding the case for resentencing. Rather than dismissing some or all of Defendant's arguments for failing to comply with the briefing requirements for points relied on in Rule 84.04(d) (2017), we will treat Subpart A as Defendant's sole point on appeal and Subparts B and C as additional supporting arguments.