

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD37246
) Filed: October 28, 2022
GREGORY EARL STEVENSON, )
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable R. Zac Horack, Associate Circuit Judge

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS

A jury found Gregory Stevenson (Defendant) guilty of, *inter alia*, the class A misdemeanor of resisting a lawful detention, which carries a maximum sentence of one year in jail. *See* § 575.150.5; § 558.011.1(6).[1] Despite the jury's findings, the trial court stated during the sentencing hearing that Defendant had been convicted of the class E felony of resisting arrest for a felony. The maximum sentence for that offense is four years in the Department of Corrections (DOC). § 575.150.5(1); § 558.011.1(5). Based on the court's earlier finding that Defendant was a prior and persistent offender, the court enhanced the

---

[1] All statutory references are to RSMo (2016). All rule referenced are to Missouri Court Rules (2022).

punishment range to a class D felony and imposed the maximum seven-year sentence. § 558.016.7; § 558.011.1(4).

Defendant presents three points on appeal. He contends the trial court plainly erred in three respects: (1) by sentencing Defendant to seven years' imprisonment on his conviction for resisting a lawful detention because the sentence exceeded the maximum punishment authorized by law; (2) by entering a written judgment against Defendant for the class E felony of resisting arrest when the jury found him guilty of the class A misdemeanor of resisting a lawful detention; and (3) alternatively, by submitting the jury instruction of resisting a lawful detention instead of resisting an arrest for a felony. Because Defendant's first two points are dispositive, we do not reach his third point. We vacate the judgment as to Defendant's conviction for the class E felony of resisting arrest and remand with directions to resentence Defendant on that count within the range of punishment for a class A misdemeanor.

**Factual and Procedural Background**

Defendant was charged with two counts of assault in the fourth degree, one count of assault in the third degree, and one count of resisting an arrest. *See* § 565.056; § 565.054; § 575.150. All three charges stemmed from events occurring on September 21, 2020.

On that day, three police officers responded to a 911 call reporting that a man in a white Dodge Charger had pointed a gun at the caller outside of a residence on Dorothy Street in Sikeston, Missouri. The three officers responding were: Officer Ciara Shaffer; Officer Zachary Boyer; and Sergeant Cliff Jackson. All three were witnesses at trial and gave the following testimony.

When the officers arrived, they observed a white Dodge Charger parked close to the Dorothy Street residence. Sgt. Jackson read the license plate number to dispatch to

2

determine the vehicle's owner. As Sgt. Jackson did so, Defendant exited the vehicle and asked the sergeant why he was running Defendant's plates. Sgt. Jackson began to explain why they were there, and Defendant abruptly said that he did not have any guns and tried to get back into the vehicle. Because the officers were still not sure whether there was a weapon in the car, Sgt. Jackson and Officer Boyer told Defendant to step away from the vehicle. The officers said they were going to detain Defendant until they could investigate further. Defendant did not listen and continued to try to get back into the car. Sgt. Jackson grabbed Defendant by the arm, and both officers tried to turn Defendant so he was facing the vehicle.

The officers were not able to turn Defendant because he immediately charged at Sgt. Jackson. They went to the ground, and Defendant was on top of the officer. Defendant began punching Sgt. Jackson's chest and abdomen. Defendant also fought with Officers Shaffer and Boyer as they tried to intercede and move Defendant from atop Sgt. Jackson. It was only after Officer Shaffer tased Defendant that the officers were able get control of Defendant's arms and handcuff him.

After Defendant was handcuffed, Officer Shaffer told Defendant that he was under arrest for assaulting police officers. When they attempted to move Defendant into a marked patrol car, Defendant stiffened his body and kicked the car and the officers. After tasing Defendant again, the officers were finally able to secure Defendant in the patrol car.[2] Sgt. Jackson sustained injuries to his hand, face and elbow.

Defendant was charged as a prior and persistent offender with three counts of assault, against each of the officers, and one count of resisting arrest. The first two counts alleged that Defendant committed the class A misdemeanor of fourth-degree assault for attempting

---

[2] After searching Defendant's vehicle, no gun was found.

to cause physical pain to Officer Boyer and Officer Shaffer, respectively, by fighting with the officers while they were attempting to detain Defendant. The third count alleged that Defendant committed the class D felony of third-degree assault for knowingly causing physical injury to Sgt. Jackson by striking him and causing multiple abrasions on his body and face. The fourth count alleged that Defendant committed the "class E felony of resisting an arrest … by using or threatening the use of physical force by stiffening his body while the officers attempted to detain him and becoming physically aggressive by kicking the officers and striking them with his elbows."

During the instruction conference, the prosecutor tendered two verdict-directing instructions (Instruction No. 7 and Instruction No. 9) submitting the class A misdemeanor offense of fourth-degree assault involving Officers Boyer and Shaffer, as charged in Counts 1 and 2. The prosecutor also tendered one verdict-directing instruction (Instruction No. 11) submitting the class D felony offense of third-degree assault involving Sgt. Jackson, as charged in Count 3. Defense counsel tendered a verdict-directing instruction (Instruction No. 13) which submitted the lesser-included offense of fourth-degree assault for the charge involving Sgt. Jackson. The court agreed to give all four of these verdict-directing instructions.

Finally, the prosecutor tendered, and the court agreed to give, a verdict-directing instruction (Instruction No. 15) for Count 4. Defense counsel had no objection to that instruction.[3] Although Defendant had been charged with the class E felony of resisting an "arrest" by physical force, Instruction No. 15 did not submit that offense for the jury's

---

[3] There would be no reason for competent defense counsel to object to a verdict-directing instruction, tendered by the State, that submitted a class A misdemeanor offense instead of the charged felony.

4

consideration. Instead, Instruction No. 15 submitted the class A misdemeanor offense of

resisting a lawful "detention."[4] This instruction stated:

> As to Count [4], if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about September 21, 2020, in the State of Missouri, Ciara Shaffer, Zachary Boyer, and Cliff Jackson were law enforcement officers, and
>
> Second, that Ciara Shaffer, Zachary Boyer, and Cliff Jackson were attempting to detain defendant, and
>
> Third, that defendant knew or reasonably should have known that one or more law enforcement officers were attempting to detain defendant, and
>
> Fourth, that the basis for the detention was that defendant fit the description of a suspect who unlawfully exhibited a firearm in an angry or threatening manner, and
>
> Fifth, that defendant knew or reasonably should have known of the basis for the detention, and
>
> Sixth, that for the purpose of preventing the law enforcement officers from making the detention, the defendant resisted by using physical force,
>
> then you will find the defendant guilty under Count [4] of resisting a lawful detention.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Notably, Instruction No. 15 did not include the optional paragraph required for the

offense of resisting a detention to be a felony. Resisting a lawful detention "by flight" or

---

[4] The pattern instruction for resisting an arrest by physical force is MAI-CR 4th 429.60, option 2. The pattern instruction for resisting a lawful detention is MAI-CR 4th 429.61. With respect to resisting a detention, MAI-CR 4th 429.61 provides two options: resisting by flight; or resisting other than by flight. Instruction No. 15 was patterned after option 2 and submitted that Defendant resisted the detention "by using physical force[.]" *See* MAI-CR 4th 429.61.2.

5

"by fleeing" under option 1 of MAI-CR 4th 429.61 includes an optional "Seventh" paragraph submitting "that defendant fled in such a manner that created a substantial risk of serious physical injury or death" to a person. MAI-CR 4th 429.61.1. According to the Notes on Use, resisting a lawful detention "will generally be a class A misdemeanor. Resisting a lawful stop or detention by fleeing is a class E felony if the person fleeing creates a substantial risk of serious physical injury or death to any person." MAI-CR 4th 429.61, Note on Use 4.

The jury found Defendant guilty as charged on Counts 1 and 2. With respect to Count 3, the jury found Defendant guilty of the lesser-included offense of fourth-degree assault. Thus, all three fourth-degree assault convictions were class A misdemeanors. *See* § 565.056.2. The jury also found Defendant guilty on Count 4, which submitted the offense of resisting a lawful detention. Resisting a lawful detention by using physical force is a class A misdemeanor as well. § 575.150.5.

On Counts 1-3, the trial court sentenced Defendant to serve one year in jail with "all counts concurrent [and] credit for time served." As to Count 4, the court imposed a sentence for resisting "arrest for a felony," which is a class E felony. § 575.150.5; § 558.011.1(5). Because Defendant had been found to be a prior and persistent offender, the court ordered Defendant to serve seven years in the DOC. § 558.016.7; § 558.011.1(4). Defendant did not object to his Count 4 sentence during the sentencing hearing. Thereafter, the court entered a written judgment that reflected the convictions and sentences orally pronounced at sentencing. This appeal followed.

**Discussion and Decision**

Defendant's first two points are related, so they will be discussed together. Point 1 contends the trial court plainly erred by sentencing Defendant to seven years in prison because this sentence "exceeded the maximum punishment authorized by law … in that the

6

jury only found [Defendant] guilty of resisting a lawful detention for Count [4], a class A misdemeanor, which has a maximum sentence of one year of incarceration."  Point 2 contends the trial court plainly erred in entering a written judgment against Defendant "for the class E felony of resisting arrest for Count [4] because the jury only convicted [Defendant] of the class A misdemeanor of resisting a lawful detention, and not the class E felony of resisting arrest[.]"  According to Defendant, the "judgment should be corrected to accurately reflect the offense for which the jury found [him] guilty."  We agree with both points.

When there is no objection to an error in the circuit court, an appellate court has the discretionary authority to consider plain errors affecting substantial rights when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.  *State v. Knox*, 604 S.W.3d 316, 320 (Mo. banc 2020); Rule 30.20.  It is well settled that "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice."  *State v. Russell*, 598 S.W.3d 133, 136 (Mo. banc 2020); *Knox*, 604 S.W.3d at 320; *State v. Perry*, 645 S.W.3d 713, 715 (Mo. App. 2022).

In addition, the State "has the burden of proving every element of a crime beyond a reasonable doubt."  *State v. Seeler*, 316 S.W.3d 920, 925 (Mo. banc 2010).  "The defendant *never* has the burden of introducing evidence to lower the category of his or her crime or to prove his or her innocence of a higher level of crime."  *Knox*, 604 S.W.3d at 322 (emphasis in original).  "It is the State's burden to prove every element of a crime charged." *Id*.  For this reason, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that *must* be submitted to the jury and found beyond a reasonable doubt."  *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (emphasis added); *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the

7

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *see also* **Perry**, 645 S.W.3d at 716; **State v. Steward**, 608 S.W.3d 184, 196 (Mo. App. 2020). Therefore, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." **Alleyne**, 570 U.S. at 114-15; **State v. Wood**, 580 S.W.3d 566, 583 (Mo. banc 2019).

In this case, § 575.150 sets out the elements for the offenses of resisting an arrest, detention, or stop. § 575.150.1(1). Insofar as relevant here, this statute states that resisting an "arrest" or "detention" is committed either by using "physical force or by fleeing":

> 1. A person commits the offense of resisting or interfering with arrest, detention, or stop if he or she knows or reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or stop an individual or vehicle, and for the purpose of preventing the officer from effecting the arrest, stop or detention, he or she:
>
> > (1) **Resists** the arrest, stop or detention of such person **by using** or threatening the use of violence or **physical force or by fleeing** from such officer[.]

§ 575.150.1(1) (emphasis added). The statute also specifies when the offense is a class E felony or a class A misdemeanor:

> 5. The offense of resisting or interfering with an **arrest** is a class E felony for an arrest for a:
>
> (1) **Felony**;
> (2) Warrant issued for failure to appear on a felony case; or
> (3) Warrant issued for a probation violation on a felony case.
>
> The offense of resisting an arrest, **detention** or stop in violation of subdivision (1) or (2) of subsection 1 of this section **is a class A misdemeanor, unless the person fleeing creates a substantial risk of serious physical injury or death to any person, in which case it is a class E felony**.

§ 575.150.5 (emphasis added). Thus, as relevant here, "there are two means by which resisting law enforcement can constitute a felony offense." ***Steward***, 608 S.W.3d at 191. "The first is by resisting an arrest for a felony. Section 575.150.5(1). The other is by *fleeing* an arrest, detention, or stop in a manner that creates a substantial risk of serious physical injury or death to any person. Section 575.150.5." ***Steward***, 608 S.W.3d at 191 (emphasis added).[5]

In Count 4, Defendant was charged with the class E felony of resisting arrest, which would require the State to prove that Defendant was being arrested for a felony. *See* § 575.150.5(1). To submit this offense to the jury, the prosecutor should have tendered an instruction patterned after MAI-CR 429.60, option 2. This pattern instruction states:

> 2. RESISTING ARREST OTHER THAN BY FLIGHT
>
> (As to Count \_\_\_\_, if) (If) you find and believe from the evidence beyond a reasonable doubt:
>
> First, that (on) (on or about) [*date*], in the State of Missouri, [*name(s) of law enforcement officer(s)*] (was a) (were) law enforcement officer(s), and
>
> Second, that [*name(s) of law enforcement officer(s)*] (was) (were) making an arrest of the defendant for [*name of offense*], and
>
> Third, that defendant (knew) (or) (reasonably should have known) that (a law enforcement officer) (one or more law enforcement officers) (was) (were) making an arrest of (the defendant), and

---

[5] According to MAI-CR 4th 429.61, option 1, resisting a detention can only be enhanced to a felony by first submitting that a defendant resisted "by fleeing[.]" Option 1 of this pattern instruction submits resisting "by flight" and is the only option that includes an additional "Seventh" paragraph submitting "that defendant fled in such a manner that created a substantial risk of serious physical injury or death" to a person. MAI-CR 4th 429.61.1. The alternative option 2 of this instruction submits resisting "other than by flight" and includes only the first six paragraphs as similarly submitted in Instruction No. 15. MAI-CR 4th § 429.61.2; *see also* ***Steward***, 608 S.W.3d at 195 (discussing the pattern instructions and model charge codes for offenses under § 575.150.5).

9

Fourth, that for the purpose of preventing the law enforcement officer(s) from making the arrest, the defendant resisted by (using) (threatening the use of) (violence) (physical force),

then you will find the defendant guilty (under Count___) of resisting arrest.

MAI-CR 429.60.2.

When this instruction is used, the trial court first must decide as a matter of law that the offense for which a defendant was being arrested is a felony under Missouri law. *See **State v. Shaw***, 592 S.W.3d 354, 359-60 (Mo. banc 2019).  Next:

> the State must present sufficient evidence to support a factual finding beyond a reasonable doubt the defendant was arrested "because of" or "on account of" an offense to support a conviction of felony resisting arrest. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding "any fact that increases the penalty for a crime ... must be submitted to [the factfinder], and proved beyond a reasonable doubt").

***Shaw***, 592 S.W.3d at 359-60.  Third, the instruction must include paragraph Second, which hypothesizes that a defendant was being arrested for that named predicate felony.  Finally, a jury must find this ultimate fact beyond a reasonable doubt.  *See **id**.* at 362 (finding sufficient evidence to support Shaw's conviction because the State introduced evidence to support a finding beyond a reasonable doubt that Shaw resisted arrest for an offense that was a felony as a matter of law).

Here, the State failed to submit a verdict director that included a required element that is essential to convict Defendant of a felony offense.  The State did not submit an instruction:  (1) for resisting an arrest for a felony, as originally charged; or (2) for resisting a lawful detention "by fleeing" in a manner creating "a substantial risk of serious physical injury or death" to any person.  § 575.150.5.  As such, Instruction No. 15 did not hypothesize an essential element required to enhance the offense to a class E felony.  ***Id**.*; ***Steward***, 608 S.W.3d at 191.  Instead, Instruction No. 15 hypothesized that Defendant resisted a lawful

10

"detention" by "using physical force" – an offense limited to a class A misdemeanor punishment only. *See* MAI-CR 4ᵗʰ 429.61, Notes on Use 4 (resisting a lawful "detention will generally be a class A misdemeanor"; enhanced to a class E felony only if the person resists "by fleeing" in a manner that "creates a substantial risk of serious physical injury or death to any person").

Thus, the jury verdict supports only a judgment for resisting a lawful detention as a class A misdemeanor. *See **Knox***, 604 S.W.3d at 323. The trial court plainly erred in sentencing Defendant for that offense as a class E felony conviction. *See id*. at 320; ***Perry***, 645 S.W.3d at 716; *see also **Steward***, 608 S.W.3d at 196 ("a trial court cannot rely on requisite facts that the jury might have found – but did not have the chance to consider and so did not find – to enhance the penalty for an offense from a misdemeanor to a felony").[6]

We also reject the State's argument that the difference between the original charge of resisting arrest for a felony and the verdict director for resisting a lawful detention is merely a "variance" that is "neither material nor prejudicial." The State relies on ***State v. Ganaway***, 624 S.W.3d 361 (Mo. App. 2021), but that case is factually distinguishable from the case at bar. In ***Ganaway***, the defendant was charged with resisting an *arrest* by fleeing but the verdict director submitted resisting a lawful *stop* by fleeing. *Id*. at 367. Further, both the charge and the verdict director alleged a class E felony – that the defendant "fled in such a manner that created a substantial risk of serious physical injury or death to other persons[.]" *Id*. at 367 n.4-5. Because Ganaway's defense – that he did not know officers were trying to

---

[6] Further, because the jury did not find Defendant guilty of a felony, the trial court also erred in enhancing Defendant's sentence from an E to a D felony, after finding Defendant was a prior and persistent offender. Section 558.016.7 authorizes the court to enhance a term of punishment to "one class higher" only if the persistent offender "is found guilty of a class B, C, D, or E felony[.]" *Id*. Here, the jury found Defendant guilty of class A misdemeanors only.

11

stop him – applied to "both variations of Section 575.150" for resisting an arrest or a lawful stop by fleeing, the Court found the variance between the charge and instruction did not prejudice the defendant. *Ganaway*, 624 S.W.3d at 368-69.

*Ganaway* is factually distinguishable because the jury's finding that the defendant resisted a lawful stop was sufficient to support the class E felony sentence imposed. The same would have been true if the State had submitted, and the jury found, that Ganaway resisted arrest by fleeing. Neither finding involves enhanced punishment. Here, on the other hand, the original Count 4 charge of resisting arrest for a felony – a class E felony – is an offense with an enhanced penalty different than resisting a lawful detention by using physical force – a class A misdemeanor. § 575.150.5. Therefore, *Ganaway* provides no support for the State's argument that the punishment imposed by the trial court was legally permissible.

We therefore agree with Defendant that the trial court plainly erred in: (1) sentencing Defendant to seven years' imprisonment on his conviction for resisting a lawful detention because the sentence exceeded the maximum punishment authorized by law; and (2) entering a written judgment against Defendant for the class E felony of resisting arrest when the jury found him guilty of the class A misdemeanor of resisting a lawful detention. Points 1 and 2 are granted.

The State argues that the correct remedy is for this Court to reverse and remand for a retrial with the correct instruction. We disagree. The prosecutor chose to submit Instruction No. 15, and the State is bound by that choice. It is well settled that a party cannot complain about an alleged error invited by that party's conduct at trial. *State v. Hernandez*, 613 S.W.3d 909, 915 n.4 (Mo. App. 2020); *State v. Pickens*, 332 S.W.3d 303, 319 n.14 (Mo. App. 2011). Furthermore, the remedy consistently applied in cases where the trial court erred by sentencing a defendant beyond the maximum authorized by law is to remand for

12

the trial court to resentence within the correct range of punishment. *See Knox*, 604 S.W.3d at 325; *Perry*, 645 S.W.3d at 717; *Steward*, 608 S.W.3d at 196; *see also State v. Luster*, 544 S.W.3d 263, 264 (Mo. App. 2017); *State v. Buch*, 513 S.W.3d 412, 415-16 (Mo. App. 2017); *State v. Baldwin*, 507 S.W.3d 173, 179-80 (Mo. App. 2017).

Accordingly, we vacate the judgment against Defendant for the class E felony of resisting arrest only and remand with directions for the trial court to: (1) resentence Defendant within the range of punishment for the class A misdemeanor of resisting a lawful detention; and (2) enter a new judgment reflecting this class A misdemeanor conviction and corrected sentence. In all other respects, the judgment is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JACK A. L. GOODMAN, C.J. – CONCUR