

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD84952 |
| | ) | |
| LOUIS J. WATTS, | ) | Filed: February 13, 2024 |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County
The Honorable Kevin D. Harrell, Judge**

**Before Division Two: Mark D. Pfeiffer, P.J., and
Alok Ahuja and Thomas N. Chapman, JJ.**

Following a jury trial in the Circuit Court of Jackson County, Louis Watts was convicted of six felony offenses. He appeals. On appeal, Watts challenges only one of his convictions, for class D felony stealing. He argues that the evidence was insufficient to establish that the stolen property had a value of $750 or more, as necessary to make the offense a class D felony. We agree. Consequently, we reverse Watts' conviction of felony stealing and remand to the circuit court for entry of a conviction for class A misdemeanor stealing, and resentencing accordingly.

## Factual Background

Louis Watts was charged with six felonies: first-degree domestic assault, with an associated count of armed criminal action; unlawful use of a weapon, with an associated count of armed criminal action; first-degree burglary; and felony stealing, for stealing property having a value of $750 or more. The charges stemmed from an incident in October 2019 in which Watts unlawfully entered his ex-girlfriend's home in Kansas City and shot her in the head, causing her serious physical injury. Following the shooting, Watts stole the victim's vehicle, a black 2013 Toyota RAV4.

A jury trial was conducted in September 2021. The jury found Watts guilty of all six felonies, as charged. On November 5, 2021, the circuit court sentenced Watts to thirty years' imprisonment for domestic assault and unlawful use of a weapon, and to five-year terms for burglary, stealing, and both counts of armed criminal action. The circuit court ordered all sentences to be served concurrently.

Watts appeals, challenging only his conviction for felony stealing.

## Discussion

In his sole point on appeal, Watts argues that the evidence was insufficient to convict him of felony stealing, because the State failed to present evidence to prove beyond a reasonable doubt that the vehicle which Watts stole had a value greater than $750.

"Due process requires the State to prove each element of a crime beyond a reasonable doubt." *State v. Neal*, 328 S.W.3d 374, 378 (Mo. App. W.D. 2010). In determining the sufficiency of the evidence to support a conviction, "this Court does not weigh the evidence but, rather, 'accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and

2

ignore[s] all contrary evidence and inferences.'" *State v. Naylor*, 510 S.W.3d 855, 858-59 (Mo. 2017) (citations omitted). Viewing the evidence in the light most favorable to the State, this Court determines whether "there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *Id.* at 859 (citations and internal quotations omitted). Great deference is given to the trier of fact. *Id.*

Although sufficiency-of-the-evidence review is deferential, "[t]his Court 'may not supply missing evidence, or give the [State] the benefit of unreasonable, speculative, or forced inferences.'" *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. 2018) (quoting *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. 2001)); *see also*, *e.g.*, *State v. Ajak*, 543 S.W.3d 43, 46 (Mo. 2018) (quoting *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. 2016)).

The State charged Watts with class D felony stealing under § 570.030.5(1),[1] which provides that "[t]he offense of stealing is a class D felony if . . . [t]he value of the property or services appropriated is seven hundred fifty dollars or more . . . ." For purposes of Chapter 570,

> the value of property shall be ascertained as follows:
>
> (1) Except as otherwise specified in this section, "**value**" means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime. . . .;
>
> . . . .

---

[1] Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2019 Cumulative Supplement.

(3) When the value of property cannot be satisfactorily ascertained pursuant to the standards set forth in subdivisions (1) and (2) of this section, its value shall be deemed to be an amount less than seven hundred fifty dollars.

§ 570.020.

The State presented evidence that the victim's vehicle was a Toyota RAV4 from the 2013 model year. A police officer testified that, after breaking into the victim's home and assaulting her, Watts drove her vehicle for approximately one mile to a parking lot. The State also presented surveillance video from a restaurant parking lot where Watts parked and exited the vehicle, and still images taken from the surveillance video. Although the State contends that the video and photographs "show that the car's exterior was in good condition," the images are not of high quality, the vehicle is at a distance from the camera, the images were recorded at night, and they depict a black vehicle. Accordingly, it cannot fairly be said that the video shows anything about the condition of the vehicle, other than that it had functioning headlights, that it was capable of being driven at relatively low speeds into a parking space and stopped there, and that it had a functioning driver's side door from which the driver (apparently Watts) exited.

Although the victim testified at trial that she could hear Watts take her vehicle's keys off a hook after he had shot her, she provided no testimony concerning the vehicle's value. Indeed, the State did not elicit testimony from the victim concerning the nature of the vehicle *at all* (its make or model; age; features; condition before or after the theft; or frequency or manner of use).

Thus, the evidence establishes only that Watts stole a vehicle that was six-to-seven years old, that he drove the vehicle approximately one mile, and that he

4

then parked the vehicle in a parking lot. The State presented no other evidence of the vehicle's value.

The State argues that, from the minimal evidence it presented at trial, "a juror could reasonably infer . . . that Victim's car was worth at least $750." We disagree. In multiple cases, Missouri courts have reversed convictions which depended on the value of stolen or damaged property, even though the State presented more substantial evidence than in this case. For example, in *State v. Boyd*, 91 S.W.3d 727 (Mo. App. S.D. 2002), the Southern District reversed a conviction for felony receiving stolen property, which required that the State prove that the property at issue had a value in excess of $150. The property in *Boyd* was a motorcycle which was stolen from the scene of an accident in which the motorcycle was involved. The motorcycle had been purchased by its owner for $3,500 in May 1999. *Id.* at 729. The owner testified that the motorcycle "was in nearly 'perfect' condition when her son last drove the motorcycle prior to the accident in August 2000, and that her son said it had not been damaged 'very much' in the accident." *Id.* at 733. The defendant was charged with being in possession of the stolen motorcycle in December 2000, several months after the accident and theft. In these circumstances, with a motorcycle purchased for $3,500 just nineteen months before the operative date, the Southern District held that the evidence was insufficient to establish that the motorcycle had a value of $150, and reversed the defendant's conviction for felony receiving stolen property.

> Testimony from the owner of the motorcycle regarding its initial purchase price and the perceived "perfect" condition of the motorcycle before the accident "is too indefinite to constitute substantial evidence from which a jury could reasonably decide,

> beyond a reasonable doubt, that the market value of the [motorcycle] at the time and place of the crime was at least [$150]."

*Id.* at 734 (citation omitted).

Similarly, in *State v. Watkins*, 804 S.W.2d 859 (Mo. App. E.D. 1991), the Court held that the evidence was insufficient to establish that a defendant had caused property damage to a vehicle exceeding $1,000, even though the owner described his stolen three-year-old Camaro as a "honey," "cream puff" and "without flaw" before an accident caused by the defendant, and "totally demolished" and "wrecked beyond recognition" afterwards. *Id.* at 861. The Court emphasized that the vehicle's owner had provided <u>no</u> testimony concerning the vehicle's value, and noted that "[t]he state has cited us to no cases where a jury has been allowed to speculate that stolen or damaged property had a value in excess of that required to raise the grade of the crime where no monetary value was in evidence." *Id.*; *see also*, *e.g.*, *State v. Smith*, 504 S.W.3d 894, 896-98 (Mo. App. W.D. 2016) (evidence that laptop computer had been purchased for $550, at an unknown time, was insufficient to support conviction for receiving stolen property with a value of more than $500); *State v. Brown*, 457 S.W.3d 772, 785 (Mo. App. E.D. 2014) (insufficient evidence that television had value of $500 or more at time of theft in June 2011, despite evidence that the television was purchased in June 2008 for $749.99).

As in *Watkins*, in this case "no monetary value [of the stolen property] was in evidence." 804 S.W.2d at 861. Nor was there any meaningful evidence concerning the vehicle's condition. In such circumstances, there was no basis for the jury to find that the vehicle had a value of $750 or more, other than sheer speculation.

6

Relying on *State v. Johnson*, 461 S.W.3d 842 (Mo. App. E.D. 2015), the State argues that "explicit evidence of a property's market value is not required for a defendant to be convicted of felony stealing." We described the facts, and analysis, of *Johnson* in our later decision in *State v. Smith*, 504 S.W.3d 894:

> In *State v. Johnson*, the court upheld a conviction for stealing items with an aggregate value over $500 based on the jury's "reasonable inference from their common sense and life experiences." *State v. Johnson*, 461 S.W.3d 842, 845 (Mo. App. E.D. 2015). The items in question were an Apple laptop computer purchased three years prior for $2,700, a Dell laptop computer purchased four months before for $700, jewelry that the victim testified was worth less than $200, an iPad tablet, and an iPhone. *Id.* The court concluded that "there were so many items, including a brand-new computer and three Apple-brand electronics, the high cost of which is common knowledge, the aggregate value was obviously in excess of $500." *Id.* However, the court also warned that "[w]ere this a close case involving only one of these items . . . [then] the State would have needed to produce more evidence than it did to overcome reasonable doubt." *Id.*

*Smith*, 504 S.W.3d at 898. *Johnson* is plainly distinguishable from this case. *Johnson* involved multiple items with known purchase prices, one purchased just months before a theft. The present case involves a vehicle of unknown condition, and unknown purchase price, manufactured six or seven years prior to Watts' theft.

*Smith* noted that "Missouri courts have held that testimony as 'to [1] the property's purchase price, [2] the amount of time between the property's purchase and its theft, and [3] its condition when stolen' is sufficient evidence to establish value," although it observed that "[s]ome recent Missouri cases have called into question th[is] 'purchase-price-plus-age' test." *Id.* at 896-97 (citations omitted). Even if that manner of proof remained viable, two of the three essential

elements are missing here: there is no evidence in this case as to the vehicle's purchase price, nor any probative evidence as to the vehicle's condition (beyond its ability to drive one mile at night, and park).

The State contends that, even if the evidence is insufficient to establish the value of the stolen vehicle at the time of Watts' theft, his conviction of felony stealing can be affirmed under § 570.030.5(3)(a), which provides that "[t]he offense of stealing is a class D felony if . . . [t]he property appropriated consists of . . . [a]ny motor vehicle." We cannot affirm Watt's felony stealing conviction on this basis, however, when he was not charged with felony stealing under § 570.030.5(3)(a). *See State v. Morris*, 640 S.W.3d 762, 768 (Mo. App. W.D. 2022) ("In this case, Morris was charged with trespass after actual notice. . . . [The State] cannot now argue on appeal that a different statutory method of committing trespass in the first degree is supported by sufficient evidence.").

Because Watts was charged with felony stealing of property with a value of $750 or more, and the evidence was insufficient to establish that the property Watts stole had the necessary value, his conviction of class D felony stealing must be reversed. "'As we have previously observed, it is the obligation of the State to prove a criminal case beyond a reasonable doubt. It is not the function of the court to ignore its failure.'" *State v. Wilhite*, 550 S.W.3d 141, 147 (Mo. App. W.D. 2018) (quoting *State v. Hatfield*, 351 S.W.3d 774, 782 (Mo. App. W.D. 2011)).

Watts asks that, if we reverse his conviction for felony stealing, we remand for entry of a conviction for class A misdemeanor stealing under § 570.030.8, and resentencing on the misdemeanor offense. Watts' proposed disposition is consistent with our practice in these circumstances. "Where a conviction is

8

reversed on appeal for a reason that would not affect a lesser-included offense, the appellate court may remand the case for entry of a conviction on the lesser-included offense." *State v. Luster*, 544 S.W.3d 263, 266 (Mo. App. E.D. 2017) (citing *State v. Trotter*, 5 S.W.3d 188, 194 (Mo. App. W.D. 1999)); *accord*, *Hamilton v. State*, 598 S.W.3d 607, 611 (Mo. 2020) (reversing defendant's felony stealing conviction and remanding for resentencing as a class A misdemeanor where the felony enhancement was unavailable); *State v. Shockley*, 512 S.W.3d 90, 93 (Mo. App. E.D. 2017) (same); *State v. Brown*, 457 S.W.3d 772, 785 (Mo. App. E.D. 2014).

Watts does not argue that the State failed to put on sufficient evidence that he met the basic elements of stealing under § 570.030.1(1): that he had "appropriate[d] property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." "The offense of stealing is a class A misdemeanor if no other penalty is specified in" § 570.030. *See* § 570.030.8; *see also, e.g., Luster*, 544 S.W.3d at 266 ("Misdemeanor stealing is a lesser-included offense of felony stealing." (citation omitted)). Even without probative evidence of the value of the property Watts stole, the evidence was sufficient to establish that he committed the offense of misdemeanor stealing, and the jury found each of the elements of misdemeanor stealing in returning its guilty verdict for the felony offense. Accordingly, on remand the circuit court should enter a conviction of, and sentence Watts for, class A misdemeanor stealing.

## Conclusion

Watts' conviction and sentence for class D felony stealing is reversed. The case is remanded to the circuit court for it to enter a conviction on Count VI for class A misdemeanor stealing, and to re-sentence Watts for that offense. Watts' other convictions, and the sentences imposed for those other convictions, are unaffected by this decision and remain in force.

Alok Ahuja, Judge

All concur.